## CUNARD S. S. CO., Limited, v. STRANAHAN.

(Circuit Court, S. D. New York. November 16, 1904.)

1. ALIENS—PENALTY FOR BRINGING IN DISEASED IMMIGRANTS—CONSTRUCTION OF STATUTE.

Section 9 of Act March 3, 1903 (32 Stat. 1215 [U. S. Comp. St. Supp. 1903, p. 175]), making it unlawful for any person, transportation company, etc., to bring to the United States any alien afflicted with a loathsome or with a dangerous contagious disease, and providing that, if it shall appear to the satisfaction of the Secretary of Commerce and Labor that any alien so brought to the United States was afflicted with such a disease "at the time of foreign embarkation and that the existence of such disease might have been detected by means of a competent medical examination at such time," such person or transportation company shall pay a fine to the collector, to be enforced by withholding clearance papers from the vessel until its payment, is intended to apply only to a case where a diseased person is brought in by a vessel as a passenger or voluntarily, and when the vessel owner or transportation company has an opportunity to discover the existence of the disease by means of a medical examination before the alien is taken on board, and a vessel owner cannot be subjected to the penalty for bringing into port an alien who has stolen his passage, and whose presence on the vessel was not discovered before her sailing.

On Demurrer to Complaint.

Lord, Day & Lord, for complainant.

Henry L. Burnett, U. S. Atty., and Wm. Michael Byrne, Asst. U. S. Atty., for defendant.

WALLACE, Circuit Judge. I find that in giving my reasons, at the close of the argument, for overruling the demurrer to the complaint, I was under a misapprehension in assuming that the collector required the payment of the so-called "fines" without express authority; that is, that the statute did not provide any specific method of enforcing their payment. Upon this assumption I expressed the opinion that the penalty or fine could only be enforced by judicial proceedings, overlooking the clause authorizing the collector to refuse clearance papers to the vessel while the penalty remains unpaid. In view of this provision, I have no doubt that in a proper case the collector can enforce payment of the sum specified

by the method prescribed, and that it is of no consequence that the sum is termed a "fine." My opinion, however, remains unchanged that the conditions did not exist which authorized him to exact the penalty in the case of the four aliens who were not brought in by the vessel as passengers, but who were stowaways. I think the statute is intended only to apply to a case where a diseased person is brought in by the vessel as a passenger, or voluntarily, and when the vessel owner or transportation company has an opportunity to discover the existence of the disease by means of a medical examination at the time or before the alien is taken on board. Before the Secretary of Commerce and Labor can pass judgment upon the question whether the existence of the disease might have been detected by means of a competent medical examination, the conditions must exist which call for the exercise of his judgment, otherwise he has no jurisdiction to pass upon it. This jurisdiction can attach only when the vessel owner has brought the diseased alien into a port of this country. I think the word "bring" is used in the sense of "import." The statute refers to the disease as one that existed at the time of the "foreign embarkation" of the alien, and which could have been discovered at that time by a competent medical examination. This can be fairly read as meaning the time when the alien is taken on board the vessel in a foreign country to be imported into this country. The purpose is not to be imputed to Congress, in the absence of plain language, to penalize an act innocent of intentional wrong. It would be an unnecessary, and it seems to me an unwarranted, construction to read the statute as intended to subject the vessel owner to a penalty for bringing into the port an alien who has stolen his passage, and whose presence on the vessel may not have been discovered before her arrival. Such a person is not "imported" within the ordinary meaning of penal laws. The Brig Wilson v. United States, 1 Brock. 423, Fed. Cas. No. 17,846; Schooner Mary and Cargo, 1 Gall. 206, Fed. Cas. No. 9,183; Schooner Boston and Cargo, 1 Gall. 239, Fed. Cas. No. 1,670.