### W. & C. T. JONES S. S. CORPORATION v. HAMILTON.

(District Court, E. D. Virginia. May 10, 1918.)

ALIENS ⊂⊃57—BRINGING IN ALIENS AFFLICTED WITH TUBERCULOSIS—CONSTRUCTION OF STATUTE—"ALIEN BROUGHT TO THIS COUNTRY."

An English seaman who signed in England for the round voyage apparently in good health, but afterward became ill with tuberculosis, who did not leave the vessel at an American port, but was taken off by immigration officers, was not an "alien brought to this country," within the meaning of Immigration Act Feb. 20, 1907, § 9 (Comp. St. 1916, § 4254), and the vessel is not subject to a fine thereunder.

At Law. Action by the W. & C. T. Jones Steamship Corporation against Norman R. Hamilton, Collector of Customs. Judgment for plaintiff.

Kirlin, Woolsey & Hickox, of New York City, and Edward R. Baird, Jr., of Norfolk, Va., for plaintiff.

Richard H. Mann, U. S. Atty., of Petersburg, Va., and Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va., for defendant.

WADDILL, District Judge. This is an action at law brought by the W. & C. T. Jones Steamship Company against Norman R. Hamilton, collector of customs for the ports of Norfolk, Portsmouth, and Newport News, individually, to recover a fine of $100 imposed upon the British steamship Ilwen for an alleged violation of section 9 of the act of Congress known as the Immigration Act, approved February 20, 1907 (34 Stat. 901, c. 1134 [Comp. St. 1916, § 4254]). The vessel put into Newport News for bunker coal. There then was upon her a seaman who had signed as a member of her crew at Newcastle, England, for a round trip. At the time of signing he appeared to be healthy,

and neither the master nor any of the officers of the Ilwen had any reason to suspect he was diseased, but it appears that a medical examination at the time the ship's articles were signed would have disclosed the fact that he was suffering from tuberculosis. Some time after the ship left Newcastle, this seaman became ill, and it was found that he was tubercular. He did not land at Newport News, nor attempt to do so, but remained on the ship until taken ashore by the immigration officials for appearance before a board of inquiry. Subsequently notice was given that an examination disclosed the fact that the seaman was suffering from tuberculosis, and that a fine might be imposed upon the Ilwen by the provisions of the Immigration Act, and that within 60 days from the date of the notice a hearing would be had to determine whether such a fine should be imposed, and that the Ilwen would not be permitted to sail until she had deposited with the collector the sum of $100 as security for the payment of a fine, if one was imposed. The deposit was made for the purpose of avoiding detention of the vessel. Subsequently, after a hearing, a fine of $100 was imposed, and the sum deposited appropriated to pay the same.

The conclusion reached by the court is that the seaman, Bisbee, on account of whom the plaintiffs, at the instance of the immigration authorities, were required to pay the sum of $100 for bringing an alleged tubercular seaman into the port of Newport News, is not such a person as comes within the meaning of the federal statute under which the fine was imposed and collected, and therefore the plaintiff is entitled to recover and have refunded to it the sum thus paid.

The suit in this case is against the collector of customs individually, and judgment will therefore be withheld against him until such reasonable time as may be found necessary to refund the amount to the plaintiffs.