COMPAGNIE FRANCAISE DE NAVIGATION A VAPEUR v. ELTING, Collector of Customs.

Circuit Court of Appeals, Second Circuit. May 9, 1927.

No. 287.

1. Aliens ⬳58—Steamship company, bringing to port alien claiming to be returning to unrelinquished domicile after temporary visit, is not liable for penalty under statute, though alien's claims are denied (Immigration Act 1921, § 2d, and § 6, as amended by Act May 11, 1922, § 3 [Comp. St. §§ 4289½a, 4289½dd]; Regulations, § 2, subd. [a]).

Under Immigration Act 1921, § 2d (Comp. St. § 4289½a), and Regulations, § 2, subd. (a), relating to return of alien to an unrelinquished domicile after an absence of not exceeding six months, and providing that an absence in excess of six months shall raise presumption of abandonment of domicile in the United States, rebuttable "by the production of evidence to the contrary, satisfactory to the appropriate immigration officer," an alien is entitled to come to a port of the United States for the purpose of presenting such rebutting evidence, and hence a steamship company, bringing to port an alien claiming to be returning to an unrelinquished American domicile after a temporary visit abroad, is not liable for fine imposed by Immigration Act 1921, § 6, as amended by Act May 11, 1922, § 3 (Comp. St. § 4289½dd), although alien's claims of exemption from quota are denied.

2. Statutes ⬳241(1)—Congressional purpose to penalize act innocent of intentional wrong will not be imputed, except on plain language.

Purpose to penalize an act innocent of intentional wrong will not be imputed to Congress, in the absence of plain language.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Compagnie Francaise de Navigation a Vapeur against Philip Elting, Collector of Customs at the Port of New York. Judgment for defendant, and plaintiff brings error. Judgment reversed, and cause remanded, with directions.

Wood, Molloy & France, of New York City (Melville J. France, of New York City, of counsel), for plaintiff in error.

Emory R. Buckner, U. S. Atty. (John M. Ryan, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before MANTON and SWAN, Circuit Judges, and CAMPBELL, District Judge.

SWAN, Circuit Judge. [1] The plaintiff steamship company brought to the port of New York in June, 1923, an alien of Italian nationality, who claimed to be returning from a temporary visit abroad to an unrelinquished American domicile. The American consul at Naples, the port of embarkation, had affixed a visa to his passport and noted thereon, "Exception to quota for Italy, returning to domicile in United States." The quota for Italy had been filled, and the immigration officials, after a hearing at the port of New York, denied the alien's claim to readmission and ordered his deportation. His testimony was that he had resided here from March, 1920, to November, 1921, had then returned to Italy to bring his family, but had been unable to do so on account of his child's illness. The Secretary of Labor notified the plaintiff of its liability to a fine, and declined to remit the same. The fine was paid under protest to the defendant, in October, 1923, and this suit was forthwith instituted to recover it.

The fine was imposed under the provisions of section 6 of the Act of May, 1921, as amended by Act approved May 11, 1922. Section 6 provided:

"That it shall be unlawful for any person, including any transportation company * * * to bring to the United States * * * any alien not admissible under the terms of this act or regulations made thereunder, and if it appears to the satisfaction of the Secretary of Labor that any alien has been so brought, such person or transportation company * * * shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $200 for each alien so brought. * * * Such fine shall not be remitted or refunded unless it appears to the satisfaction of the Secretary of Labor that such inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, such person, or the owner * * * of the vessel, prior to the departure of the vessel. * * *" 42 Stat. 540 (Comp. St. § 4289½dd).

Admissibility as an exception to the quota was claimed by the alien under section 2 (d) of the aforesaid act (Comp. St. § 4289½a)

and the regulations promulgated pursuant thereto, the material provisions reading as follows:

Section 2 (d): " * * * Provided further, that aliens returning from a temporary visit abroad, * * * may, if otherwise admissible, be admitted notwithstanding [the exhaustion of the quota]."

Regulations, § 2, subd. (a): "*Aliens Returning from a Temporary Visit Abroad.*—A 'temporary visit abroad' as contemplated by the second proviso to subdivision (d) of section 2 of the act, shall be construed to mean an absence in any foreign country (without relinquishment of domicile) not exceeding six months in duration. An alien who remains abroad in excess of six months shall be presumed to have abandoned his domicile in the United States. However, such presumption may be overcome by the production of evidence to the contrary, satisfactory to the appropriate immigration officer."

The contention of the plaintiff is that the alien was given by said regulation the privilege of presenting evidence to overcome the presumption of abandonment of his United States domicile; that since there were no immigration officials in Naples in the years 1921–1923, such evidence could only be presented to an immigration official after the alien had arrived in this country (as is stated in the letter of the Commissioner of Immigration which appears in the record), and hence he was entitled to come to a port of the United States for the purpose of presenting such evidence, and that consequently the plaintiff had the privilege of bringing him, without incurring the penalty provided by section 6 of the act (Comp. St. § 4289½dd).

We think this position is well taken. To hold that the transportation company acts at its peril in bringing an alien who claims to be exempt from the quota would be a practical denial to the alien of the privilege of presenting his evidence. No company would bring him on such terms. To hold that the company must investigate the merits of the alien's claim, and is privileged to bring only such aliens as it thinks ought to be admitted, is to make it, rather than the immigration officials, pass upon the alien's claim, which is not the privilege granted the alien by the regulation.

That the company acted in the utmost good faith in bringing over an alien claiming exemption from the quota cannot be doubted in view of the consul's visa. The visa proves that, although it could have no effect upon the alien's rights, as was held in United States ex rel. Spinosa v. Curran (D. C.) 4 F.(2d) 613, affirmed 4 F.(2d) 614 (C. C. A. 2). The plaintiff could not have known at the port of embarkation that the alien was inadmissible, for this fact could be established only after a hearing by immigration officials. Diligent inquiry would have disclosed merely the facts which the alien submitted at his hearing, and the sufficiency of those facts had to be passed upon by the immigration officials at such hearing before the alien's admissibility could be ascertained.

The defendant's argument that the company should have ascertained by letter or cable how the department would have ruled upon the alien's case overlooks the Commissioner's statement that "this question can be decided only by the immigration officers after the alien's arrival in this country."

[2] Their ruling was conclusive as to his inadmissibility. It would have been equally conclusive, had they held him admissible on the testimony he gave at the hearing. The then effective regulations accorded him the privilege of coming to give such testimony. It can scarcely be supposed that Congress intended to penalize a vessel owner for transporting an alien privileged to come for such purpose. The purpose is not to be imputed, in the absence of plain language, to penalize an act innocent of intentional wrong. Cunard S. S. Co. v. Stranahan (C. C.) 134 F. 318. We think that the statute did not authorize the imposition of the penalty under the circumstances presented by this record. Having been paid under duress, it is recoverable. W. & C. T. Jones S. S. Corpn. v. Hamilton (D. C.) 255 F. 799.

The judgment is therefore reversed, and the cause remanded, with directions to enter judgment for the plaintiff.