**NORTH GERMAN LLOYD v. ELTING,**
Collector of Customs.

No. 326.

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

John M. Lyons, of New York City (Roger O'Donnell, of Washington, D. C., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

At various dates between December 22, 1924, and June 10, 1925, the plaintiff steamship company brought to the port of New York six aliens, each of whom was excluded by the immigration officials because of some physical defect which might affect his ability to earn a living. Aliens who are found to possess such defects and are so certified by the examining surgeon are excluded from admission to the United States by section 3 of the Immigration Act of 1917 (8 USCA § 136). Section 21, however, permits the Sec-

retary of Labor to admit them in his discretion upon the giving of a suitable bond (8 USCA § 158); but it is not alleged that any of the six aliens in question was so admitted. With respect to each of them a fine was imposed upon the plaintiff under section 9 as amended (8 USCA § 145), which plaintiff paid under protest to the defendant collector of the port of New York. This suit was brought to recover the sums so paid, aggregating some $2,100.

The complaint contains six counts, each of which sets up a distinct cause of action based upon one of the several fines. Each count alleged transportation by plaintiff from Germany to the United States of an alien who exhibited a proper German passport and a quota immigration visa issued by an American consul; the exclusion and order to deport the alien because of a physical defect certified by the examining surgeon to be such as might affect his earning ability; the imposition of a fine upon plaintiff despite its submission of evidence to the Secretary of Labor in opposition to the proposed fine; plaintiff's payment of the fine under protest, and defendant's covering of part of the fine into the Treasury of the United States and delivery of the rest (the passage money) to the alien. These allegations the defendant's answer admits. Each count further alleged that the act of the Secretary of Labor in imposing the fine was without lawful authority and arbitrary; that in transporting the alien plaintiff acted on the visa of the American consul and the fact that the alien was a proper subject for admission under section 21 of the Immigration Act of 1917; that the alleged inadmissibility of the alien could not have been ascertained by the exercise of reasonable diligence by plaintiff prior to the alien's departure from the port of embarkation; and that demand for payment had been made by plaintiff and refused by defendant. These allegations the answer denied. Upon these pleadings, judgment was entered for the plaintiff, and a certificate of probable cause was granted pursuant to section 989 of the Revised Statutes (28 USCA § 842).

By the terms of section 9 of the Immigration Act of 1917 as amended (8 USCA § 145), under which the Secretary of Labor assumed to act in imposing the fines upon plaintiff, no fine can be assessed unless "it shall appear to the satisfaction of the Secretary of Labor" that the physical defect of the alien "might have been detected by means of a competent medical examination" at the time of his foreign embarkation. This fact

would seem to be put in issue by the plaintiff's allegation that the inadmissibility of the alien was not then ascertainable by the exercise of reasonable diligence, and the defendant's denial thereof. Hence a judgment on the pleadings can be sustained only if the issue raised can be said to be immaterial. Plaintiff so argues, and this view was accepted by the court below.

 It is contended that since section 21 (8 USCA § 158) gives the Secretary of Labor discretion to admit upon bond aliens liable to be excluded because of physical defects which may impair their earning ability, such aliens must be privileged to come to the United States to invoke exercise by the Secretary of his discretion to admit them, and hence section 9 cannot reasonably be construed to impose a fine upon the transportation company which brings them here for that purpose. However persuasive this argument might appear if addressed to Congress, it cannot justify a court in overriding express statutory provisions to the contrary. Section 9 (8 USCA § 145) declares that "it shall also be unlawful for any person to bring to any port of the United States" physically defective aliens, and it expressly imposes a fine for so doing, if the Secretary of Labor be satisfied that the defect existed at the time of foreign embarkation and might then have been detected by a competent medical examination. The validity of similar provisions in the Act of March 3, 1903 (32 Stat. 1215) was adjudged in Oceanic Steam Navigation Co. v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013. By this language Congress expressly prohibited the bringing in of defective aliens. Of section 9 (8 USCA § 145) no less than of section 19 (8 USCA § 155) it may be said that it "is not aimed at the aliens of the excluded class, but at the owners of vessels unlawfully bringing them into this country." United States v. Nord Deutscher Lloyd, 223 U. S. 512, 517, 32 S. Ct. 244, 245, 56 L. Ed. 531. Section 21 (8 USCA § 158) on the other hand, deals with aliens liable to be excluded because likely to become a public charge or because of physical disability (excepting certain named diseases), and says nothing concerning the owners of vessels who bring such aliens to this country. To hold that the latter section in effect repealed the former would run counter to accepted canons of statutory construction. There is no necessary conflict between them. Moreover, the last sentence of section 9 (as amended by 43 Stat. 167 [8 USCA § 145]) forbids the construction contended for. That sentence reads:

"Provided further, That nothing contained in this section shall be construed to subject transportation companies to a fine for bringing to ports of the United States aliens who are by any of the provisos or exceptions to section 3 of this Act exempted from the excluding provisions of said section."

Some of the provisos in section 3 give the Secretary of Labor discretion to admit, and this was the basis of the decision in Dollar Steamship Line v. Hyde, 23 F.(2d) 910 (C. C. A. 9). Under the familiar maxim, "expressio unius est exclusio alterius," this express reference to the provisos and exceptions to section 3 (8 USCA § 136) exhausted the exemptions from fine which Congress expressed the desire to grant to companies who should bring in aliens excluded by the terms of section 3. We may not add to this list by implication because section 21 also gives the Secretary discretion to mitigate harsh cases in favor of another class of aliens liable to be excluded. Section 21 had been on the statute books since 1907 (34 Stat. 907), and we can not assume that the failure to refer to it in the last sentence of section 9, when that section was re-enacted in 1924, was mere inadvertence.

If the Secretary had exercised his discretion in favor of admitting the aliens, it may be that the vessel owner who brought them would incur no penalty. See Norddeutscher Lloyd v. United States, 213 F. 10, 14 (C. C. A. 2); Lloyd Sabaudo Societa, etc., v. Elting, 45 F.(2d) 405, 409 (D. C. S. D. N. Y.). That question is not now presented, for there is no allegation in complaint or answer that any of the aliens in question was admitted by the Secretary. Whatever the rule may be in that situation, it seems clear that the bringing of a defective alien who is not admitted by the Secretary falls squarely within the prohibition and the penalty of section 9. Nor is this conclusion inconsistent with our decision in Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773. There admission of the alien was not dependent upon the Secretary's exercise of discretion. If the alien was, as he claimed to be, returning to a United States domicile, he was not in an excluded class, but was absolutely entitled to enter. Under the statute and the rules he was permitted to offer evidence in support of his claim, and this he could do only at a United States port. Under such circumstances, we held that a steamship company was not subject to fine for bringing him to this country though his claim was rejected. That doctrine cannot be extended to cover the case at bar for reasons

already stated. The other cases cited by plaintiff, Clyde Steamship Co. v. United States, 33 F.(2d) 343 (D. C. S. D. N. Y.), and United States v. Compagnie Generale Transatlantique, 26 F.(2d) 195 (C. C. A. 2), are also clearly distinguishable. Lloyd Sabaudo Societa, etc., v. Elting, 45 F.(2d) 405 (D. C. S. D. N. Y.), is in accord with our conclusion.

■ The plaintiff argues also that the alien's possession of a proper passport with a quota immigration visa issued by an American consul precludes the imposition of a fine for the transportation of such alien. This is equivalent to contending that the Immigration Act of 1924 (43 Stat. 153 [8 USCA § 201 et seq.]) has abolished the requirement that a carrier determine at its peril by a competent medical examination at the port of foreign embarkation whether the alien is afflicted with a physical defect which excludes him from admission. The statute will not permit of such a construction. Section 25 (8 USCA § 223) expressly declares that the 1924 act is in addition to and not in substitution for the provision of the earlier immigration laws; and section 2(g), 8 USCA § 202(g), provides that the issuance of an immigration visa shall avail the alien nothing if he is found to be inadmissible upon arrival. While the statute is silent upon the subject of a medical examination prior to the issuance of a visa, the official instructions to consuls direct them to require immigrants to present medical certificates showing that they are not within any of the classes excluded by section 3 of the Act of 1917 (8 USCA § 136). This requirement was doubtless within the authority of section 2(f), 8 USCA § 202(f), but certainly there is nothing in the statute to support the conclusion that such medical certificates were to relieve the steamship companies of the obligation to make their own examination. On the contrary, section 9 (8 USCA § 145), which imposes the fine if the defect might have been detected by the steamship company by means of a competent medical examination, was re-enacted. The purpose of the 1924 act was more rigidly to restrict immigration, and a double examination would not be an unreasonable execution of that purpose.

It may be that, if the medical examination conducted under the direction of the consul did not disclose the physical defect which resulted in the alien's exclusion, the Secretary of Labor would act unreasonably in determining that the defect existed and might have been discovered by the steamship

company at the foreign port. That would turn upon whether the consul's "medical examination" was a "competent" one, depending altogether on the circumstances of its making. We cannot hold as a matter of law that it was such, thus making the imposition of a fine arbitrary and unlawful. The pleadings raised an issue as to whether the defect could have been discovered at the foreign port. That issue is material to the cause of action alleged. Consequently the judgment on the pleadings cannot be sustained.

Judgment reversed, and cause remanded.