**KNAPP et al. v. HYDE, Secretary of Agriculture, et al.**

District Court, S. D. New York.
May 27, 1931.

Blackwell Brothers, of New York City (James Madison Blackwell and E. B. Bellinger, both of New York City, of counsel), for plaintiffs.

George Z. Medalie, U. S. Atty., of New York City (Ernest Lappano, of New York City, of counsel), for defendants Callaway, Swan, and Elting.

WOOLSEY, District Judge.

This motion is denied.

■ I. The Secretary of the Treasury and the Secretary of Agriculture have not been served or appeared herein.

The United States attorney has appeared only for the defendants Callaway and Swan, of the Department of Agriculture, and for the defendant Elting, collector of customs. They are properly made defendants herein because the defendant Callaway, as Chief of the New York Station of the Department of Agriculture, and the defendant Swan, as Acting Chief thereof, instigated, by their tests and findings, the exclusion of the egg yolk, and the defendant Elting, as collector of customs, is holding it under the provisions of section 11 of the Food and Drug Act of June 30, 1906 (21 USCA § 15).

■ II. In my opinion the bill of complaint states a cause of action.

It is alleged in the complaint, paragraphs 16 and 17 thereof—and on this motion necessarily must be deemed admitted—that the egg yolk in question here was when tested, and still is, of good quality, and in fact fit for food under the provisions of the Food and Drug Act of June 30, 1906, § 7, subd. 6 (21 USCA § 8, subd. 6).

It is also alleged, paragraphs 11–15 and 18, that the condemnation of the egg yolk was due to the imposition by the Department of Agriculture of a test—a description of which is annexed to the complaint as Exhibit A—which is not a fair or true test of the condition of the egg yolk as food within the meaning of the Food and Drug Act, § 7, subd. 6, but on the contrary is an unreasonable test which results in establishing a standard for the admission of egg yolk which transcends the scope of the act under which only the Department of Agriculture has authority to act.

Whether these statements be true or not, I do not know; but if they are established the case would come within the decision of the Supreme Court in Waite v. Macy, 246 U. S. 606, 609, 38 S. Ct. 395, 62 L. Ed. 892, and the plaintiff would be entitled to the relief here sought.

The question of the reasonableness of an executive act of this kind is a question of fact and not a question of law. North German Lloyd v. Elting (C. C. A. 2, April 6, 1931) 48 F. (2d) 547, reversing (D. C.) 43 F. (2d) 203.

It follows that the complaint should not be dismissed, but that the defendants must challenge these allegations of fact in the complaint by answer and contest them by evidence.

Settle order on two days' notice.