## LLOYD ROYAL BELGE SOCIETE ANONYME v. ELTING, Collector of Customs.

District Court, S. D. New York.

July 22, 1931.

Kirlin, Campbell, Hickox, Keating & Mc-Grann and Delbert M. Tibbetts, all of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., and Morton Baum, Asst. U. S. Atty., both of New York City, for defendant.

GODDARD, District Judge.

This is a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.

The suit was brought for the recovery of $300, which the plaintiff paid on January 10, 1930, to the collector of customs of the port of New York under protest as a condition to granting clearance papers for its steamship Henri Jaspar which was about to sail from New York for Antwerp. It is alleged in the complaint that the $300 was a penalty imposed on the ground of an alleged violation of section 18 of the Immigration Act of 1917 (8 USCA § 154) for having failed to detain on board the Henri Jaspar an alien passenger, one Victor Feneuil, who had been brought to the United States by the plaintiff, and who had been excluded from admission for the reason that he was a quota immigrant not in possession of a quota visa; the alien, however, having a nonquota visa, was accepted as a passenger by the steamship company; the nonquota visa had been issued by the American consul at Antwerp upon the alien's representations that he had been a resident of the United States for a period of

more than seven years and was returning to an unrelinquished domicile in this country; that, after a hearing by the Board of Inquiry at Ellis Island he was, on November 24, 1929, excluded from admission into the United States on the ground that he was a quota immigrant and had a nonquota immigrant visa, and the Commissioner of Immigration caused him to be returned to the Henri Jaspar and ordered that he be deported. It is also alleged that, notwithstanding due diligence on the part of the master of the Henri Jaspar, the alien escaped from the vessel before her departure from the port of New York. The fine of $300 was imposed upon the steamship company for its failure to detain and deport him. The complaint also contains the following allegation: "Fifth: The plaintiff was given notice of an intention to impose a fine of $1,000 and the return of passage money in the sum of $136 on the ground that the plaintiff had brought to the United States a quota immigrant not in possession of a quota visa, but upon a showing duly made to the Secretary of Labor by the plaintiff that it had accepted the said alien as a passenger on the faith of the consular non-quota visa and the representation of the alien that he had resided in the United States for more than seven years and was returning to an unrelinquished domicile, the Department of Labor declined to impose the aforesaid fine and return of passage money."

So that it appears that the fine of $1,000 provided for under section 16 of Act 1924 (8 USCA § 216) for bringing in the alien was not imposed, but that the fine of $300 was imposed under section 18 for the steamship company's failure to detain and deport the alien.

Section 18 of the Immigration Act of February 5, 1917, c. 29 (8 USCA § 154): "All aliens brought to this country in violation of law shall be immediately sent back, in accommodations of the same class in which they arrived, to the country whence they respectively came, on the vessels bringing them, unless in the opinion of the Secretary of Labor immediate deportation is not practicable or proper. The cost of their maintenance while on land, as well as the expense of the return of such aliens, shall be borne by the owner or owners of the vessels on which they respectively came. It shall be unlawful for any master, purser, person in charge, agent, owner, or consignee of any such vessel to refuse to receive back on board thereof, or on board of any other vessel owned or operated by the same interests, such aliens; or to fail to detain them thereon; or to refuse or fail to return them in the manner aforesaid to the foreign port from which they came; or to fail to pay the cost of their maintenance while on land; or to make any charge for the return of any such alien, or to take any security for the payment of such charge; * * * and if it shall appear to the satisfaction of the Secretary of Labor that such master, purser, person in charge, agent, owner, or consignee has violated any of the foregoing provisions, or any of the provisions of section 151 of this title, such master, purser, person in charge, agent, owner, or consignee shall pay to the collector of customs of the district in which the port of arrival is located, or in which any vessel of the line may be found, the sum of $300 for each and every violation of any provision of said sections; and no vessel shall have clearance from any port of the United States while any such fine is unpaid, nor shall such fine be remitted or refunded."

Section 16 of the Immigration Act of May 26, 1924 (8 USCA § 216):

"(a) It shall be unlawful for any person, including any transportation company, or the owner, master, agent, charterer, or consignee of any vessel, to bring to the United States by water from any place outside thereof (other than foreign contiguous territory) (1) any immigrant who does not have an unexpired immigration visa, or (2) any quota immigrant having an immigration visa the visa in which specifies him as a nonquota immigrant.

"(b) If it appears to the satisfaction of the Secretary of Labor that any immigrant has been so brought, such person or transportation company, or the master, agent, owner, charterer, or consignee of any such vessel, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each immigrant so brought, and in addition a sum equal to that paid by such immigrant for his transportation from the initial point of departure, indicated in his ticket, to the port of arrival, such latter sum to be delivered by the collector of customs to the immigrant on whose account assessed. No vessel shall be granted clearance pending the determination of the liability to the payment of such sums, or while such sums remain unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of an amount sufficient to cover such sums, or of a bond with sufficient surety to

secure the payment thereof approved by the collector of customs.

"(c) Such sums shall not be remitted or refunded, unless it appears to the satisfaction of the Secretary of Labor that such person, and the owner, master, agent, charterer, and consignee of the vessel, prior to the departure of the vessel from the last port outside the United States, did not know, and could not have ascertained by the exercise of reasonable diligence, (1) that the individual transported was an immigrant, if the fine was imposed for bringing an immigrant without an unexpired immigration visa, or (2) that the individual transported was a quota immigrant, if the fine was imposed for bringing a quota immigrant the visa in whose immigration visa specified him as being a nonquota immigrant."

█ The contention of the government is that the alien had been brought to the United States "in violation of law," and therefore that the steamship company was subject to the fine of $300 under section 18, notwithstanding the fine of $1,000 provided for under section 16 was not imposed as the steamship company had exercised due diligence and could not have ascertained that the alien was a quota immigrant, whose immigration visa specified him as being a nonquota immigrant; in other words, that section 18 (8 USCA § 154) created an absolute liability upon a steamship company which brought to the United States an excludable alien. Clearly, the answer depends upon whether the alien was brought here "in violation of law." If so, the fine imposed under section 18 was proper; otherwise it was not.

Section 16(a), 8 USCA § 216(a) provides that "it shall be unlawful for any person, including any transportation company * * * to bring to the United States by water from any place outside thereof * * * (1) any immigrant who does not have an unexpired immigration visa, or (2) any quota immigrant having an immigration visa the visa in which specifies him as a nonquota immigrant."

Thus it is expressly provided that it is unlawful to bring to the United States a quota immigrant having a nonquota visa, and the fact that in another subdivision of the section it imposes a fine of $1,000 upon the vessel for bringing in such an immigrant and that the Secretary of Labor may remit the $1,000 if it appears to his satisfaction that the steamship owner could not, by the exercise of reasonable diligence, ascertain the real status of the immigrant, does not make the act of bringing in such immigrant lawful. It is clearly stated to be unlawful.

Section 18 (8 USCA § 154) provides that all aliens brought to this country "in violation of law" shall be sent back on the steamer which brought them, and that it shall be unlawful for the owner of the vessel to refuse to receive on board or "to fail to detain" such alien, and imposes a fine of $300 for the failure to do so.

It seems to me that the intention of Congress had two objectives in view: First, to impose a fine of $1,000 upon owners of vessels which brought in certain excludable immigrants, which fine the Secretary of Labor might remit if he was satisfied that the owner could not have ascertained, by the exercise of due diligence, that the immigrant was not admissible; second, to require the owner of the vessel to take back upon his vessel such immigrant, detain him until sailing time, and return him to the country from which he came, and, for the vessel owner's failure to do this, a fine of $300. It does not seem at all likely that, merely because the owner of the steamship had been relieved from paying the $1,000 fine for bringing in the alien, it was to be allowed to turn the immigrant loose and be rid of the obligation of returning him to the country where he came from. The conclusion that the remission of the $1,000 fine does not affect the $300 for failure to detain is strengthened by that part of section 18 itself which, after providing for the fine of $300, says, "Nor shall such fine be remitted or refunded."

Neither the facts nor the statute in the case at bar are similar to those in Compagnie Française de Navigation a Vapeur v. Elting, Collector of Customs (C. C. A.) 19 F.(2d) 773. In that case a fine for bringing in an alien under an alleged violation of section 6 of the Act of May, 1921, as amended by Act of May 11, 1922 (42 Stat. 540), was involved, and the court held that, as the immigrant might be admitted in the discretion of the immigration officials under section 2 of the Immigration Act of 1921 (42 Stat. 5,540) and Regulations section 2, subd. (a), the vessel owner might bring the immigrant to this country so that he would have an opportunity of making his application to the proper authorities and present his evidence in support of it, and Judge Swan said: "It can scarcely be supposed that Congress intended to penalize a vessel owner for transporting an alien privileged to come for such purpose." 19 F.(2d) page 774.

In Compagnie Francaise de Navigation

a Vapeur v. Elting, supra, it was held that the owner of the vessel was not, under the circumstances, liable for a fine for bringing the immigrant so that he could make his application. The court did not hold or intimate that the vessel owner was relieved of duty imposed under section 18 of detaining and returning to the country from which the immigrant was brought in the event he was found to be not admissible.

Moreover, section 16 of the Immigration Act of 1924 (8 USCA § 216) is more specific and absolute than section 6 of the Act of May, 1921, as amended by the Act of May, 1922 (42 Stat. 540). Section 16 says: "It shall be unlawful * * * to bring to the United States * * * (1) any immigrant who does not have an unexpired immigration visa, or (2) any quota immigrant having an immigration visa the visa in which specifies him as a nonquota immigrant."

Section 6 (42 Stat. 540) reads: "That it shall be unlawful * * * to bring to the United States * * * any alien not admissible under the terms of this Act or Regulations made thereunder. * * *" It is to be observed that section 6 refers to an alien not admissible under the act or "Regulations."

The fact that the complaint of the steamship company alleges that it exercised due care to prevent the escape of the alien is immaterial, as the duty to detain aboard its vessel and deport the alien was, under section 18 (8 USCA § 154), an absolute one.

Accordingly, the complaint is dismissed.