**LAMPORT & HOLT, Limited, v. ELTING, Collector of Customs.**

District Court, S. D. New York.

July 22, 1931.

John M. Lyons, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., and George B. Schoonmaker, Asst. U. S. Atty., both of New York City, for defendant.

GODDARD, District Judge.

This is a motion by the plaintiff for summary judgment in a case which alleges three causes of action arising under the immigration laws. Fines were imposed and paid under protest in each instance, and plaintiff now seeks to recover them. The first cause of action is brought for the recovery of a fine of $1,058 imposed upon Lamport & Holt, Limited, the plaintiff, under section 9 of the Immigration Act of 1917 as amended by section 26 of the Immigration Act of 1924

(8 USC § 145 [8 USCA § 145]), incident to the arrival of the alien, Ena Watson, upon the plaintiff's steamship Van Dyke which arrived in New York on May 5, 1926. Under a recent decision of the Circuit Court of this circuit, the plaintiff is entitled to judgment in its favor upon this cause of action. See Compagnie Generale Transatlantique v. United States of America (C. C. A.) 51 F. (2d) 1053, filed July 7, 1931.

The second cause of action relates to a fine of $1,132 imposed upon the plaintiff for bringing to this country the alien Ramon Hermida who arrived here on April 22, 1927, on the plaintiff's steamship Vestris, and who was excluded by the Secretary of Labor as a nonquota immigrant not in possession of any immigration visa.

The third cause of action relates to a fine of $1,208, which was imposed upon the plaintiff steamship company for bringing to this country the alien Alfonso Chechia who arrived here on the plaintiff's steamship Vauban on May 31, 1927, and who was excluded by the Secretary of Labor on the ground that he was a quota immigrant not in possession of any immigration visa.

The fines referred to in the second and third causes of action were imposed under section 16 of the Immigration Act of 1924 (8 USC § 216 [8 USCA § 216]), the pertinent parts of which read as follows:

"Section 16.(a) It shall be unlawful for any person, including any transportation company or the owner, master, agent, charterer, or consignee of any vessel to bring to the United States by water from any place outside thereof * * * (1) any immigrant who does not have an unexpired immigration visa, or (2) any quota immigrant having an immigration visa the visa in which specifies him as a nonquota immigrant.

"(b) If it appears to the satisfaction of the Secretary of Labor that any immigrant has been so brought, such person or transportation company, or the master, agent, owner, charterer, or consignee of any such vessel, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each immigrant so brought, and in addition a sum equal to that paid by such immigrant for his transportation from the initial point of departure. * * *

"(c) Such sums shall not be remitted or refunded, unless it appears to the satisfaction of the Secretary of Labor that such person, and the owner, master, agent, charterer, and consignee of the vessel, prior to the departure of the vessel from the last port outside the United States, did not know, and could not have ascertained by the exercise of reasonable diligence, (1) that the individual transported was an immigrant, if the fine was imposed for bringing an immigrant without an unexpired immigration visa, or (2) that the individual transported was a quota immigrant, if the fine was imposed for bringing a quota immigrant the visa in whose immigration visa specified him as being a nonquota immigrant."

The contention of counsel for plaintiff seems to be that, as Hermida had satisfied the American consul at Buenos Aires that he was going to the United States as a temporary visitor, and the consul had granted him a nonimmigration visa, and that Chechia had satisfied the American consul at Santos that he was coming here as a temporary visitor, and had been granted a nonimmigration visa, the steamship company was not subject to a fine of $1,000 and to return the passage money in either instance.

Paragraph (c) of section 16, 8 USCA § 216(c), provides that the fine shall not be remitted unless it appears to the satisfaction of the Secretary of Labor that the owner of the vessel, master, etc., did not know, and could not have ascertained by the exercise of reasonable diligence, prior to the departure of the vessel, that the individual transported was a quota immigrant if the fine was imposed for bringing a quota immigrant, the visa in whose immigration visa specified him as being a nonquota immigrant.

With respect to the alien Hermida, when he testified before the board of special inquiry, he said he had resided in Buenos Aires for eighteen months previous to coming to the United States, and had worked there as a carpenter; that he was planning to stay here for six months and earn some money; that he had only $40, and no return ticket; and that this $40 would not be sufficient to maintain him in this country for the six months.

Chechia stated, when he was examined by the board of special inquiry at Ellis Island, he had only $50, no return ticket, and no job in view, but that he expected that his friends would secure him a job as a mason, and that he intended to remain six months; also that he was not a native of Brazil but a native of Italy.

The foregoing indicates that neither Hermida nor Chechia were coming to the United

States as mere temporary visitors or on business or pleasure. Quite the contrary. It indicates they were coming here for the purpose of working for hire (see Karnuth v. United States, 279 U. S. 231, 49 S. Ct. 274, 73 L. Ed. 677), and they were therefore not entitled to admission as nonimmigrants, and it is probably fair to assume that, if the representatives of the steamship company had asked them similar questions before selling tickets to them, they would have obtained the same information. Whether this is a fair assumption or not, there is sufficient evidence in the complaint and the affidavits to support the finding of the Secretary of Labor that it did not appear to his satisfaction that the steamship owner did not know, and could not have ascertained by the exercise of reasonable diligence, that the aliens Hermida and Chechia were immigrants not in possession of immigration visas. Upon consideration of the facts, it cannot be said that the decision of the Secretary of Labor was arbitrary, and, having reached such conclusion, the fines were properly imposed. The case at bar is to be distinguished from the case Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773, where the fine was imposed under the provisions of section 6 of the Act of May, 1921, as added by Joint Resolution approved May 11, 1922 (42 Stat. 540).

In neither Hermida's nor Chechia's case, as the facts were found by the board of special inquiry, was there discretionary power to admit them vested in the immigration officials. The aliens, having nonimmigration visas, were absolutely barred. While in Compagnie Francaise Navigation de Vapeur v. Elting, supra, the alien claimed to be returning from a temporary visit abroad to an unrelinquished domicile, and Judge Swan held that, as the alien had a right, under the Regulations, to present his evidence to the immigration officials at the port of arrival in this country, and who were the only ones who could decide upon his admissibility, the steamship company committed no wrong in bringing the alien to the United States for that purpose. Furthermore, section 6 of the Act of 1921, as added by Joint Resolution of 1922, differs from section 16 of the Act of 1924 (8 USCA § 216). Section 16 definitely states that it shall be unlawful to bring to the United States any immigrant who does not have an unexpired immigration visa or any quota immigrant having a nonquota visa, while section 6 provides that it shall be unlawful to bring to the United States any alien not admissible under the terms of this act "or Regulations made thereunder," and, since it appears that there was sufficient evidence to support the conclusion of the Secretary of Labor, the plaintiff's motion for summary judgment in the second and third causes of action must therefore be denied.

Judgment may be entered in accordance with this opinion.