## NORTH GERMAN LLOYD v. ELTING, Collector of Customs.

### No. 129.

Circuit Court of Appeals, Second Circuit.
Jan. 11, 1932.

L. HAND, Circuit Judge, dissenting.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Wood, Molloy & France, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

This alien was brought to the United States in accórdance with section 2 (a) (4) of the above-mentioned statute (42 Stat. 5), which provides that the quota shall not apply to "aliens visiting the United States as tourists or temporarily for business or pleasure." It is not claimed that the plaintiff acted in bad faith in bringing the alien here. We agree that it had no right to rely upon the visa to establish his claimed status as a quota exempt. United States ex rel. Spinosa v. Curran (D. C.) 4 F.(2d) 613, affirmed 4 F.(2d) 614 (C. C. A. 2). But the plaintiff at least had probable cause to believe that the alien belonged to one of the classes to which the quota did not apply. If his claim was well founded, he was admissible, and the only way that could be finally determined was by the alien coming to some port of entry to the United States to present his evidence of his right to enter to the officials competent to pass upon it. The statute does not forbid bringing such an alien here so that he can satisfy the proper authorities, if possible, that he has the right to enter. Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773. The admissibility of this alien did not depend upon any exercise of discretion by the Secretary of Labor as it did in Dollar S. S. Co. v. Hyde, 23 F.(2d) 910 (C. C. A. 9), where the fine was nevertheless held to have been unlawfully imposed; or in North German Lloyd v. Elting, 48 F.(2d) 547 (C. C. A. 2), where the imposition of fines was held lawful. Funk was not in an excluded class or admissible only in the discretion of the Secretary of Labor, but was a nonquota alien if his evidence was credible and of due

weight, and so entitled to be heard by the proper officials and to have all his evidence in support of his claim to entry as of right duly considered by them in fixing his status. A transportation company acting in good faith is not liable to a fine for bringing him here for such a purpose. What was said in Compagnie Francaise, etc., v. Elting, supra, on this subject applies with equal force to this case, for his right to enter was absolute if he came here temporarily on business.

Judgment affirmed.

L. HAND, Circuit Judge (dissenting).

Section 6 of the Quota Act of 1921 imposes a fine upon any carrier which brings to this country an alien who is "not admissible." If there were no more, it would make the carrier absolutely liable, regardless of the difficulty, or indeed the out and out impossibility, of detecting admissibles from inadmissibles before embarkation. To moderate the severity of this, the Secretary is given power to remit the fine if he thinks that the carrier could not have discovered the truth by reasonable diligence; but this power is his, not ours. No alien is ever admitted until he gets here and is examined, so that the carrier in all cases takes a chance when it brings one in. That chance may be remote, as for example when the ground for exclusion is a detectable disease; it may be very great, as where the admission depends upon the alien's ability to earn a living, a standard about which people are bound to differ. But in all cases there is some chance, and the carrier must take it and rely upon the lenity of the Secretary, if the alien is excluded.

We did indeed make an exception in Compagnie Francaise v. Elting (C. C. A.) 19 F.(2d) 773, a case where the alien was returning home from a temporary sojourn. This we did because of a departmental rule especially applicable to that situation, under which he was allowed to reserve his evidence until he arrived at the home port. Rightly or wrongly we thought this situation different because of that rule, upon which alone we squarely placed our earlier decision in North German Lloyd v. Elting (C. C. A.) 48 F.(2d) 547, where the facts were in my opinion indistinguishable from those at bar. The exception is now to swallow the rule, and consistently we shall always in the future have to exercise the discretion which the statute gives to the Secretary.