### NEW YORK & PORTO RICO S. S. CO. v. UNITED STATES.

No. L–46–315.

District Court, S. D. New York.
March 29, 1932.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (E. Underwood, of New York City, of counsel), for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (G. B. Schoonmaker, of New York City, of counsel), for the United States.

COXE, District Judge.

This is a suit to recover fines and passage money refunds exacted for bringing three aliens from Santo Domingo City to San Juan, Puerto Rico, in April and May, 1928. The aliens held passage tickets in the names of persons other than themselves; in two of the cases there were short affidavits, purporting to have been sworn to before a United States vice consul by the persons named in the respective passage tickets, claiming Puerto Rican birth and United States citizenship; in the third case, there was a birth certificate, purporting to show that the person named in the passage ticket was born in Ponce, Puerto Rico, of parents who later became Americans.

At the time the passage tickets were issued, the steamship company had before it the respective affidavits and birth certificate, but no investigation was made to verify the facts or to ascertain whether the claim of citizenship was well founded. Neither was any inquiry made, when the aliens boarded the vessel at Santo Domingo City, to establish their identities as the persons named in the passage tickets and accompanying documents.

The aliens testified before the board of special inquiry at San Juan that they had purchased the passage tickets and accompanying documents from strangers in Santo Domingo City, and admitted they had no right to them. The steamship company was, however, without knowledge of the transfers, and did not in fact know that the persons transported were not the persons named in the passage tickets.

■ It is urged by the steamship company that the aliens were not "brought" to the United States within the meaning of section 16 of the 1924 act (8 USCA § 216), because the persons carried were not the persons to whom passage tickets were issued, citing Taylor v. U. S., 207 U. S. 120, 28 S. Ct. 53, 52 L. Ed. 130; Cunard S. S. Co. v. Stranahan (C. C.) 134 F. 318; and Dollar S. S. Line v. Elting (C. C. A.) 51 F.(2d) 1035. But the steamship company did transport persons who intended to remain permanently in the United States, and the mere fact that it developed later that these persons had by fraudulent means obtained documents to which they were not entitled is not sufficient to clear the steamship company, if "prior to the departure of the vessel" the steamship company could have "ascertained by the exercise of reasonable diligence, that the individual transported was an immigrant." Section 16, 1924 Act (8 USCA § 216).

■ In the two cases where affidavits were furnished claiming Puerto Rican birth, the proof is insufficient to exonerate the steamship company. These affidavits contained only naked assertions of the respective affiants that they were born in Puerto Rico, but there was no corroborative proof to support the assertions. In the Manas and Gonzalez cases, therefore, I hold that the steamship company did not exercise reasonable diligence to ascertain whether the persons to whom the tickets were issued were entitled to entry into the United States.

■ In the case of Caparros, the situation is somewhat different, as the birth certificate came from an official source in Puerto Rico, and purported to sustain the claim of citizenship. I think, therefore, that it cannot be said that in that case the steamship company failed to exercise the reasonable diligence required by the statute.

■ It is finally urged by the plaintiff that, inasmuch as the aliens claimed United States citizenship, the steamship company was not at liberty to refuse to bring them to the United States, where only the question might

be judicially determined; citing Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773. That case does not, however, go so far as to hold that a mere colorable claim, unsupported by corroborative proof, is sufficient to absolve the steamship company; and it can make no difference in that respect whether the claim is one of citizenship or not. In any event, it is the duty of the steamship company to use reasonable diligence to ascertain the true status of the person seeking admission; and, if it fails to discharge that duty, it can have no just ground for asking that the fine be remitted.

The plaintiff made no showing with respect to the $10 fines for violation of section 14 of the 1917 act (8 USCA § 150); and no reason has been advanced to justify their remission.

I hold, therefore, that plaintiff is entitled to recover the $1,000 fine and the $20 passage money refund in the Caparros case; and that the claim, in so far as it relates to the Manas and Gonzalez cases, and the $10 fines, should be denied.