### TRANSATLANTICA ITALIANA v. ELTING, Collector of Customs.

District Court, S. D. New York.
April 19, 1932.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Gaspare Cusumano and Delbert M. Tibbetts, both of New York City, of counsel), for plaintiff.

George Z. Medalie, of New York City (George Schoonmaker, of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge.

These three actions present 127 causes of action, each of which is based upon a sep-

arate fine imposed by the Secretary of Labor for the transportation to New York of different individual aliens who were inadmissible into the country. In each instance, the fine was $200, in addition to a return of the passage money.

As to action L43–78, which presents eight causes of action, the plaintiff concedes the invalidity of six, but urges that a verdict should be directed for it as to the second and fifth. These two present the question of whether the plaintiff used due diligence at the port of embarkation to ascertain whether the disqualification existed which subsequently barred the alien from entry. In the second cause of action, the disqualification was illiteracy, and it is not apparent from this record that the Department of Labor was arbitrary in finding that the alien could not read. The alien admitted he could not read newspapers, and I think the record is sufficient to sustain a finding that, even though he might be able to pronounce certain words from their written symbols, he was unable to get any meaning from them. As to the fifth, the alien concededly was illiterate, but claimed to be the wife of an American citizen. At Ellis Island she admitted that she was not, and the only evidence in the record purporting to show diligence on the part of the plaintiff in ascertaining the facts at the port of embarkation is the passport which was visaed with the notation by the American consul that the alien was married to an American citizen. The question is presented whether the carrier was justified in merely relying upon the finding of the American consul. In the reasoning in North German Lloyd v. Elting (C. C. A.) 48 F.(2d) 547, the carrier was under an obligation to take independent steps to ascertain the facts. Since there is no evidence in this record that he took any such steps whatever, I must find that the imposition of the fine was not arbitrary.

As to actions L43–63 and L43–79, they present numerous instances of aliens who were barred at the port of New York, but who were entitled to come here for the purpose of having their admissibility passed upon. It is unnecessary to consider the various causes of action in detail, because it is obvious that the cases of North German Lloyd v. Elting (C. C. A. 2nd Cir.) 54 F.(2d) 997, decided January 11, 1932, and Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773, are controlling. The only possible ground for distinction is that in a few of the in-

stances here the visa contained a notation, "warned" or "travels at own risk," or similar indications that some doubt existed in the mind of consul as to the admissibility of the alien. This notation of warning, however, did not deprive the alien of the right to come to this port for the purpose of having the admissibility passed upon, and there was no dereliction of duty on the part of the plaintiff in transporting them for that purpose.

It is accordingly directed that the record show a verdict directed for the plaintiff as to each cause of action in L43–63 and L43–79, and for the defendant as to each cause of action in L43–78.