ELTING, COLLECTOR OF CUSTOMS, *v.* NORTH GERMAN LLOYD.

No. 42.   Argued November 10, 11, 1932.—Decided December 5, 1932.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Paul D. Miller, W. S. Ward,* and *Bradley B. Gilman* were on the brief, for petitioner.

*Mr. Melville J. France* for respondent.

Mr. Justice Stone delivered the opinion of the Court.

Respondent, an operator of steamships, brought suit in the District Court for Southern New York, to recover a fine imposed on it by the Secretary of Labor, under § 6 of the Quota Act of 1921, c. 8, 42 Stat. 5, as amended May 11, 1922, c. 187, 42 Stat. 540, for bringing into the United States an alien, inadmissible under that Act. Upon pleadings and affidavits, the District Court gave summary judgment for the respondent which was affirmed by the Court of Appeals for the Second Circuit, 54 F. (2d) 997. The case is here on certiorari.

The Quota Act of 1921 imposed restrictions on the number of immigrants of any nationality who might annually be admitted to the United States, but provided by § 2 (a) (4) that the restriction should not apply to "aliens visiting the United States as tourists or temporarily for business or pleasure." The 1922 amendment of the Act added § 6,[1] which provides:

" That it shall be unlawful for any person . . . to bring to the United States . . . any alien not admissible under the terms of this Act or regulations made thereunder, and if it appears to the satisfaction of the Secretary of Labor that any alien has been so brought, such person . . . shall pay to the collector of customs . . . the sum of $200 for each alien so brought, and in addition a sum equal to that paid by such alien for his transportation . . . such latter sum to be delivered . . . to the alien . . ."

The section also provides:

" Such fine shall not be remitted or refunded unless it appears to the satisfaction of the Secretary of Labor that such inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, such person . . . prior to the departure of the vessel . . ."

[1] § 6 of the Quota Act was superseded by § 16 of the Immigration Act of 1924, c. 190, 43 Stat. 153, 163, 8 U. S. C., § 216.

The record in the present case raises no question of the correctness or sufficiency of the procedure before the Secretary of Labor. The only issue is the legality upon the unchallenged facts of the imposition of the fine and the refusal of the Secretary to remit it.

On February 14, 1924, respondent brought a German alien to the United States on its steamship " Bremen." On embarkation the alien had represented to the respondent that he was going to the United States on a temporary visit for the purpose of collecting an inheritance, and was in possession of a United States consular visa, bearing the notation: " Purpose to proceed to the United States on business only within the meaning of § 2 of the Restrictive Immigration Law." Upon arrival in the United States the alien was detained by immigration officials and upon a hearing before a Board of Special Inquiry his claim that he was visiting the United States temporarily for business was rejected. He was ordered deported, on the ground that he was a quota immigrant and the quota applicable to his nationality was then exhausted. At the hearing before the Board it appeared that he arrived without money or a return ticket. His passage had been paid by a relative in the United States. He claimed to be coming to the United States to collect an inheritance of $400, but was without documentary evidence to support this claim, and it had cost him nearly one-half of the amount of the legacy to come here.

The Secretary notified the respondent that the ascertained facts indicated its liability to a fine (including the repayment of passage money) for bringing the alien to the United States, but permitted the vessel to clear upon respondent's depositing with the collector under protest the amounts to be paid. The imposition of the fine was protested on the ground that respondent had accepted the alien for transportation in good faith, in reliance upon the consular visa and the notation upon it. It does not

appear that the respondent made any inquiry as to the truth of the alien's claim to be a temporary visitor to the United States for the purpose of collecting an inheritance. After a hearing, the Secretary required payment of the fine and passage money and refused to remit the penalties.

The court below held that the fine was illegally imposed, for if the alien was in fact within the excepted class, he was admissible; hence it was lawful for him to come to the United States to present evidence in support of his right to enter, and it was lawful for the respondent to bring him. The respondent argues here, in addition, that the general purpose of the Quota Act was to exclude immigrants, and the provisions of § 6 imposing penalties for bringing an " alien," must be read as applicable only to aliens who seek admission as immigrants.

The statute itself answers the contention that the Act does not apply because the alien did not embark as an immigrant. Section 6 refers to " any alien not admissible under the terms of this Act " and § 2 (d) provides that when the aliens of any nationality admitted in any fiscal year shall exceed the quota ".all other aliens of such nationality, except as otherwise provided in this Act, who may apply for admission during the same fiscal year, shall be excluded." Thus all aliens, whether they seek admission as immigrants or not, if they are not within the quota or one of the excepted classes, are " not admissible under the terms of " the Quota Act.

We do not think it can be said, in the face of the explicit language of the statute, that the respondent could lawfully bring the alien, because he lawfully might come to the United States. The statute imposes no penalty upon the alien for coming beyond the possible denial of his application to enter. But it does declare that it shall be unlawful for the steamship company to bring him if " not admissible," as was the case, and imposes the penalty if

the Secretary finds, as he did, that an inadmissible alien has been brought. In plain terms the Act placed on respondent the burden of acting at its peril that the fine might be imposed in the case of this alien, as with any other, if the event should prove that he was inadmissible. Whether the same result would follow if, as in *Compagnie Francaise de Navigation a Vapeur* v. *Elting,* 19 F. (2d) 773; see *North German Lloyd* v. *Elting,* 48 F. (2d) 547, 549, the line transported an alien entitled under the Immigration Rules to present evidence that he had not abandoned a domicil previously acquired in the United States, we need not now determine.

The burden which the statute imposes on the transportation companies is lightened, though not removed,[2] by the provision authorizing the Secretary to remit the fine if it appears to his satisfaction that the inadmissibility of the alien could not have been ascertained by the steamship company " by the exercise of reasonable diligence " before sailing. We assume that it was the duty of the Secretary to remit the fine if the evidence established that the alien's inadmissibility could not have been ascertained by respondent by the exercise of reasonable diligence before the vessel sailed. But we cannot say that the discretion which, under the statute he alone may exercise, was abused. Respondent was bound to know the law that

---

[2] Section 6 of the Quota Act of 1921 was added by amendment of May 11, 1922, c. 187, 42 Stat. 540. The amendment as originally introduced imposed a fine upon the steamship company for bringing to the United States an alien who was inadmissible under the statute and ended with the words " and such fine shall not be remitted or refunded." In conference the words quoted were deleted and what is now the third sentence of § 6, providing for remission of the fine by the Secretary, was substituted. H. R. No. 945, 67th Cong., 2d Sess. Before this change the effect of the section was to impose the fine without qualification if the steamship company brought to the United States an inadmissible alien. The addition of provisions for remission of the fine, once imposed, did not alter its meaning.

the consular visa on the alien's passport did not entitle him to entry as a member of the excepted class. Cf. *United States ex rel. Spinosa* v. *Curran,* 4 F. (2d) 613, affirmed, 4 F. (2d) 614. The Secretary gave respondent a hearing and acted on substantial evidence, already detailed, tending to show that by the exercise of reasonable diligence in making inquiry of the alien before sailing, the respondent could have ascertained that he was not entitled to admission as a member of the excepted class.

*Reversed.*