COMPAGNIE FRANCAISE DE NAVIGATION A VAPEUR v. ELTING, Collector of Customs.

Nos. 474–478.

Circuit Court of Appeals, Second Circuit.

July 25, 1933.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Wood, Molloy & France, of New York City (Melville J. France, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

These appeals are from judgments for the plaintiff in five actions to recover for fines imposed on the plaintiff by the Secretary of Labor under section 6 of the Quota Act of 1921 (42 Stat. 5, as added by 42 Stat. 540), for bringing in forty-nine excludable aliens to the port of New York during the first six months of 1924 (one arrived in December, 1923). The cases were all tried under agreed statements of fact as to each alien. Each had been in residence in the United States and had gone upon a temporary visit abroad. Each came back more than six months after he had left; the period of absence ranging from seven months to four and a half years. The stipulated facts do not show that any of them offered any evidence to rebut the presumption that he retained his domicile in the United States, assuming that he had acquired one when he left, or that, when he left, he meant to return within six months. The judge gave judgment on the agreed facts, relying on our opinion in Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773, and the collector appealed.

The judgment was entered before the decision of the Supreme Court in Elting v. North German Lloyd, 287 U. S. 324, 53 S. Ct. 164, 77 L. Ed. 337, and Lloyd Sabaudo Societa Anonima Per Azioni v. Elting, 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341, and followed the law of this circuit as it then stood. Since we have now, in Cosulich Societa v. Elting, 66 F.(2d) 534, handed down herewith, definitively overruled Compagnie Francaise de Navigation a Vapeur v. Elting, supra (C. C. A.) 19 F.(2d) 773, all that remains is to determine whether the aliens were properly excluded, and whether the plaintiff could have ascertained the facts before accepting them.

There is nothing in the agreed facts to show that the plaintiff could not by inquiry have learned the truth; certainly the absences were all ascertainable and raised a presumption against the aliens of having relinquished their domiciles. Rule 16, subd. 2 (a), of the Regulations under the Quota Act of 1921 (Immigration Rules Seventh Edition August, 1922). That regulation did not set too severe a standard; indeed, the collector urges that it was too lax, because an absence of more than six months would not, he says, be "temporary," even though the alien retained his domicile; and because so much of it as admitted him, if he rebutted the presumption, was therefore contrary to section 2 (d) of the Quota Act of 1921 (42 Stat. 6). This we need not decide. At least the regulation was valid so far as it imposed the presumption as to the retention of domicile. None of the aliens rebutted it; it does not appear that the plaintiff made any inquiry of them, or that it could not have learned that they would not qualify. Thus there was no excuse offered, and the complaints should have been dismissed.

Judgments reversed; complaints dismissed.