## INTERNATIONAL MERCANTILE MARINE CO. v. ELTING, Collector of Customs.

### No. 85.

Circuit Court of Appeals, Second Circuit.
Jan. 14, 1935.

Roger O'Donnell, of Washington, D. C., and John M. Lyons, of New York City, for appellant.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This was an action by a carrier to recover the sums paid upon twelve fines imposed for bringing in illiterate aliens. It recovered judgment upon one and appealed in eleven. Different considerations apply to each of these and we are obliged to consider them separately.

### First Cause of Action.

█ This alien was a Cuban girl coming in for the first time. The case was tried in the District Court upon the record made before the board of special inquiry upon the exclusion of the alien, together with the departmental record of the proceeding to fine the carrier. The record of the board of special inquiry did not spread at large the card by which the girl's literacy was tested, but described it only by a reference number. In United States ex rel. Waldman v. Tod, 289 F. 761, we said that such a return was irregular, because we could not learn what had been the real test applied, and that in future the actual text must be supplied. In this remark the Supreme Court concurred. Tod v. Waldman, 266 U. S. 113, 45 S. Ct. 85, 69 L. Ed. 195. Our decision did not go upon that ground, but because even on the record as it was, it appeared that the examination had not been fair. In the case at bar the plaintiff was suing to recover the fine and had to make out its case, by showing that the test had not been fair. It should have supplemented the record by annexing the card, and cannot now support its charge by asking us to assume that the card was not a proper test. A bad return on habeas corpus does not make out a good cause of action in money paid. The assertion that the cards were kept secret is not substantiated by the record. The girl was abundantly proved to have been an illiterate, and the visa of the consul was no protection to the carrier, which could easily have detected her incapacity. The judgment is affirmed.

### Second Cause of Action.

█ This was the case of an illiterate Jewess who could read neither Yiddish nor Hebrew. The same point is raised here as in the first cause of action and needs no comment. In addition the plaintiff says that as the alien had been once before admitted, there was reason to suppose that she would be admitted again. However, it appeared that she had been found illiterate at her first entry, and indeed it is not clear just why she was admitted then. It was very easy to ascertain that she could not read, and her earlier admission did not excuse some independent inquiry to verify any presumption that might arise from it. The judgment is affirmed.

### Third Cause of Action.

█ This alien was a Greek, confessedly illiterate, whose only claim to admission was an unrelinquished domicil of seven years; that is, since 1918. He had been here apparently without interval between 1901 and 1915 when he left for Greece, staying away five years. He came back to the United States in 1920, left again in 1924, and came back in 1925, when he was excluded. He had a wife and two married children who had always lived in Greece; they must have been born before 1901 though the record is silent. The question is whether his domicil went back to 1915, for he was in Greece in 1918. He apparently had a steady job as a cement worker, and it is of course possible that in 1915 or earlier he had decided to make the United States his home; but the contrary is strongly indicated by the absence of his family for the whole fourteen years, and by his own residence for five years in Greece, whence, so far as appeared he never meant to remove his wife. Even though his failure to become naturalized may, as he asserted, have been because he could not read, the domicil was doubtful. The judgment is affirmed.

### Fourth Cause of Action.

█ This case is very like the preceding but not so strong for the carrier. The illiterate had to trace back his domicil to No-

vember, 1917, at which time he had been here for only five years. He was an Arabian laborer with a wife and child in Palestine which was his home. At his exclusion he said that he was coming in only for six or seven years. The judgment is affirmed.

## Fifth Cause of Action.

This illiterate was a Chilean seaman who shipped upon a vessel bound on a round trip out of New York. The voyage was broken up in England and the carrier gave the alien a free passage back to New York; he had a visa which classed him as a returning immigrant, section 4 (b) of the Immigration Act of 1924 (8 USCA § 204 (b). He was allowed to come in for the purpose of reshipping, but the carrier was fined for bringing him. It defends on the theory that he was an alien "in transit" under section 3 (4) of the Act of 1924 (8 USCA § 203 (4). Clearly he was not; he was not going to any "foreign contiguous territory." Nor did he fall within section 3 (5) (8 USCA § 203 (5) or section 19 (8 USCA § 166) for he was not employed, or serving as a seaman, on board a vessel arriving here. It is argued that he could not otherwise have completed his original voyage and got the advantage of a new berth out of New York. It is true, that if their voyage ends here, seamen may land, so as to get a new berth out (section 19); but if for any reason the voyage ends elsewhere, we see no reason to suppose that the statute meant to give them a privilege to come in merely to ship in the United States.

## Sixth Cause of Action.

This alien was an illiterate Pole who first came here in 1901; whether he was then or later married does not appear. At any rate four children were born to him in this country and a fifth in Poland. He left the United States with his family in 1922 and came back alone in October, 1923, as a domiciled alien. He returned to Poland in October, 1924, and was excluded in February, 1925. As we understand it, his exclusion was because he did not then bring his family with him; but for this he gave an entirely reasonable explanation, not in any way discredited. He had applied for naturalization in May, 1924. There was no warrant for his exclusion, which appears to have been arbitrary; and the fine even more so, for the carrier had no reason whatever to suspect the bona fides of this man, already once admitted as a domiciled alien. The judgment is reversed.

## Seventh Cause of Action.

The appeal in this case was not pressed and the judgment is affirmed.

## Eighth Cause of Action.

This illiterate was an Italian casual laborer who first came here in 1905, and lived here steadily till November, 1915. Three children were born in the United States during these ten years; apparently he was married after he arrived. He took his family back to Italy with him in 1915 and came back alone in March, 1920; went back to Italy in October, 1923; returned to the United States in March, 1924, and left again in December, 1924. He was excluded on his return alone in April, 1925. He could not on any theory rely upon a five years' unbroken residence and his only chance for admission was as a domiciled alien. Seven years before April, 1925, i. e., April, 1918, he was in Italy; his domicil must therefore have been acquired before November, 1915. The case is doubtful, being much less extreme than the sixth cause of action. What turns the scale against him seems to us to be that he neither applied for naturalization, made any effort to bring back his family, nor gave any satisfactory reason for not doing so. He did say that when he left in 1923 he had meant to bring them back, but he gave no excuse for not carrying out his purpose then; nor did he say why he did not bring them with him in 1925. On the whole we cannot say that the decision was wrong, or that the carrier with all the facts potentially before it, was not put upon its own risk in accepting him as a passenger. The judgment is affirmed.

## Ninth Cause of Action.

This alien was an Italian illiterate who first came in in March, 1913, and returned to join the colors in September, 1915. He came back as a reservist in December, 1919, and left again in August, 1924. He was excluded in February, 1925. He missed a five years' residence by a few months and had to rely upon a seven years' domicil which had to go back to September, 1915. At that time he had been here but two and one-half years, was 26 years old, a single casual laborer, and had given no evidence of any purpose to make this country his home. The judgment is affirmed.

## Tenth Cause of Action.

This alien was an illiterate Italian who came here first as a lad of 17 in 1908; he remained two years and went back in 1910;

he returned to this country in 1913 and went back to join the colors in 1915. He was married and had a child while in Italy, but left them and re-entered the United States as a reservist in October, 1920, declaring his intention to be naturalized in 1922. He left here in August, 1924, and was excluded in February, 1925. He had no five year residence and had to carry back his domicil to 1915. At that time he was a single, casual laborer of 24 who had been here on two visits, each of two years, separated by an interval of three years. There can be no reasonable doubt that he was not shown to have been domiciled here at that time. The judgment is affirmed.

### Eleventh Cause of Action.

 This alien was an illiterate Irish girl coming for the first time, who, having been educated in Gaelic which she could not speak, failed to learn to read it, and was deprived of any chance to learn English, which she did speak. The test was entirely fair; her failures included some very simple words. She appears to have been the victim pro hac vice of national sentiment. The judgment is affirmed.

In these and in other actions of the same kind we are constantly referred to Dollar S. S. Line v. Hyde, 23 F.(2d) 910 (C. C. A. 9), which followed our decision in Compagnie Francaise, etc., v. Elting, 19 F.(2d) 773. The authority of both the cases fell with the decision of the Supreme Court in Elting v. North German Lloyd, 287 U. S. 324, 53 S. Ct. 164, 77 L. Ed. 337, and it is idle to rely upon either any longer.

Judgment affirmed in all but the sixth cause of action. Judgment reversed in the sixth cause of action.