## NAVIGAZIONE GENERALE ITALIANA v. ELTING, Collector of Customs of Port of New York.

### Nos. 236, 370.

Circuit Court of Appeals, Second Circuit.
April 8, 1935.

Kirlin, Campbell, Hickox, Keating & McGrann and Gaspare M. Cusumano, all of New York City (Delbert M. Tibbetts and Joseph F. Luley, both of New York City, of counsel), for appellant-appellee.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, of New York City, of counsel), for appellee-appellant.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

These appeals come up from a judgment entered in an action by the plaintiff, a steamship company, to recover fines unlawfully exacted from it for bringing aliens into the United States contrary to law. The complaint contained twenty-two causes of action, each concerned with a separate alien; the judge disposed of these in different ways, and the parties are content in eleven cases; but the plaintiff appeals in six and the defendant in five. The appeal of the plaintiff concerns the third, sixth, eighth, ninth, tenth, and eleventh causes of action; that of the defendant, the seventh, twelfth, sixteenth, seventeenth, and twenty-first. We proceed first to the plaintiff's appeal.

### Third Cause of Action.

■ This fine was imposed for bringing in an illiterate Italian, fifty-seven years old, who was coming to visit his son. In spite of his illiteracy he was admissible under the first proviso of section 3 of the Act of 1917, if the son, who was a citizen of the United States, had sent for him. The Board decided that the son had not, and the plaintiff's position is only that it had no means of ascertaining whether the alien would be inadmissible under the proviso. Arguendo we may assume that it had not, because the situation is covered by our decision in Transatlantica Italiana v. Elting, 75 F.(2d) 970, to which we adhere. To repeat, since the question is reargued, section 9 of the Act of 1917, as amended by section 26 of the Act of 1924 (8 USCA § 145), enacts that it shall be unlawful for a carrier to bring to the United States "any alien who is excluded by the provisions of said section 3 of this act [section 136] because unable to read, or who is excluded by its terms [section three of this Act] as a native of that portion of the Continent of Asia and the islands adjacent thereto described in said section, and if it shall appear to the satisfaction of the Secretary of Labor that these disabilities might have been detected," a fine shall be imposed. The last proviso of the section reads: "Nothing contained in this section shall be construed to subject transportation companies to a fine for bringing * * * aliens who are by any of the provisions or exceptions to section three of this act [section 136 of this title] exempted from the excluding provisions." The question is whether the word, "disabili-

ties," means illiteracy and nativity, or whether it means "inadmissibility" and thus incorporates the excuses of the provisos of section 3. The phrase, "excluded by section three," more naturally reads, "excludable by section three"; but it makes no difference if it means, "excluded by the Board under section three." In either case the disability on which the alien is excluded is still his illiteracy; he has merely failed to excuse it by residence or domicile, a failure which is not itself a "disability." Moreover, if "disability" included a failure to come within the provisos of section 3 (8 USCA § 136), the proviso of section 9 itself would be unnecessary. True, it might even so have been added out of abundant caution, but if that were the purpose, it would have extended the excuse of the carrier not only to cases where the alien in fact was admitted under the provisos of section 3—which is all it did—but to those where, though he was not admitted, the carrier had good reason to suppose that he would be. The judgment is affirmed.

### Sixth Cause of Action.

■ The alien in this case, likewise an Italian, had a birth certificate issued in Boston. He was a boy in fact within a few weeks of eighteen years old, though by the certificate he should have been only thirteen years and five months. We have no means of knowing what in fact he looked like, and we cannot say from the record that his appearance should not have excited some suspicion. If we are to be permitted to speculate at all, we think it most unlikely that an Italian boy of eighteen years should have looked like one of less than thirteen and a half. Although the lack of diligence in such cases must extend to the question of citizenship, the plaintiff has failed to show that the Secretary abused his discretion. Birth certificates are a very feeble means of proving citizenship; everything depends upon the identification of the bearer, and the certificate itself does not prove that in any way whatever. The judgment is affirmed.

### Eighth, Ninth, Tenth, and Eleventh Causes of Action.

■ These were four aliens who claimed to be returning to a former residence in the United States after a temporary visit to Italy. They bore forged re-entry permits, which for argument we will concede to have been undetectable by the carrier. As in the case of the third cause of action, diligence as to the permits is not an excuse. The

aliens were confessedly immigrants without an immigration visa, and section 16 (a) of the Act of 1924 (8 USCA § 216 (a) makes it unlawful to import them, unless they came within section 4 (b), 8 USCA § 204 (b) and section 10 (f), 8 USCA, § 210 (f). Subdivision c of section 16 (8 USCA § 216 (c) provides that the fines imposed by subdivision b (8 USCA § 216 (b) shall not be remitted unless the Secretary is satisfied that before the vessel left the foreign port the carrier could not have ascertained with reasonable diligence "that the individual transported was an immigrant, if the fine was imposed for bringing an immigrant without an unexpired immigration visa." In the Act of 1921, § 6, as added by Joint Resolution May 11, 1922, 42 Stat. 540, the corresponding provision excused the carrier, if diligent to ascertain the alien's "inadmissibility," not whether he was an immigrant. The language is in any event too unequivocal for interpretation by usage, but aside from that the change in redrafting clinches the meaning beyond doubt; the carrier takes its risk on shipping an alien without an immigration visa, or a quota immigrant with a nonquota visa; just as in the case of an illiterate under section 9 of the Act of 1917, as amended. It is true that in Transatlantica Italiana v. Elting, 66 F.(2d) 515, we decided otherwise, but we did not consider the point; if it was presented we overlooked it. Had we intended deliberately to take an opposite view of section 16 (c) (8 USCA § 216 (c), we should certainly have said so; our decision is overruled. The judgment is affirmed upon these causes of action.

## Calendar No. 307.

We now come to the defendant's appeal.

### Seventh and Twenty-First Causes of Action.

These two causes of action present the same question that we have just discussed under causes of action 8, 9, 10, and 11. The judgment as to them must be reversed.

### Twelfth Cause of Action.

■ This alien had procured an American passport issued to one Cologero, his own name being Zappulla. Zappulla's photograph had been substituted upon the passport for Cologero, and the passport has been lost. All we know about it is that, as is customary, Cologero's photograph had been originally stamped through a page of the passport; that it was detached and the original stamp on the paper not thoroughly ironed out. Zappulla's photograph was then affixed in the same place and a new stamp pressed through it and the page. No part of the rubber stamp impression on the passport appeared on the photograph, though the photograph was in such a position that it should have shown some evidence of it. As we cannot correct these statements by inspection, we cannot say that the Secretary was not justified in regarding the fabrication as a clumsy forgery which the carrier should have detected. The judgment is reversed as to this cause of action.

### Sixteenth Cause of Action.

■ This alien, an Italian, presented a birth certificate and claimed to be a citizen. He was examined by the Board at length and insisted throughout that the document was genuine. The Board concluded that it was not, chiefly because of discrepancies developed during the examination as to the alien's parents. The father of the owner of the birth certificate had in fact caused it to be recorded in Italy in 1924, a year after it had been obtained. The alien swore that his father had died in 1917, and would not retract. There was also a discrepancy of eight years in the age of his mother; he swore that she was thirty years old in 1918 when she died; her age on the birth certificate would have made her thirty-eight in that year. An Italian notary had certified that "the bearer (sic) of this is a true photograph of Antonio Proto * * * born in the United States and residing here, known to me personally." As we have just said, the carrier was not entitled to rely alone upon such a certificate or, we may add, upon any official identification; it was bound to make its own inquiries. It should have closely examined the alien and must be charged with whatever such an examination would have disclosed. The judgment on this cause of action is reversed.

### Seventeenth Cause of Action.

This alien is a young woman, the bearer of a birth certificate, who proved to be an impostor. It is true that the imposture was conclusively established only after a witness, who appeared for the alien before the Board, brought with her a cable from either the alien herself, or her mother instructing her how to carry out the fraud, and that the carrier cannot be charged with notice of this. Nevertheless, as in the case of the sixteenth cause of action, there were enough discrepancies between the birth certificate and the testimony of the alien herself to put the carrier on notice. The certificate declared that at the birth of the child her par-

ents had three living children. The alien swore that she was an only child. Again she said that when her father died in 1923 he was forty years old; according to the birth certificate he should have been fifty. Finally, she declared that her aunt had got the certificate a short time before she left. The certificate itself had been issued thirteen years before, and contained a visa by the Italian Consular Agent at New York and the Minister of Foreign Affairs at Rome in the year of its issue. These facts could probably have been readily ascertained by examination of the alien; at least, we cannot say that a reasonable person in the Secretary's position might not have so concluded. The judgment as to all five causes of action is reversed.

Judgment affirmed as to all causes of action on the plaintiff's appeal, and reversed as to all causes of action on the defendant's.