## NAVIGAZIONE GENERALE ITALIANA v. ELTING.
### Nos. 244, 371.

Circuit Court of Appeals, Second Circuit.
May 9, 1935.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Joseph F. Luley and Delbert M. Tibbetts, both of New York City, of counsel), for appellee-appellant Navigazione Generale Italiana.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant-appellee Philip Elting, Collector.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

Both sides appeal from a judgment in an action by a common carrier of aliens to recover for fines unlawfully collected. There were forty-two causes of action, of which

the judge dismissed twelve. The plaintiff appeals in eleven; the ninth, thirteenth, fourteenth, fifteenth, twenty-third, twenty-fourth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, and thirty-second. Judgment was given for the plaintiff upon six causes of action, from all of which the defendant appeals. We take up the plaintiff's appeal first.

## Ninth Cause of Action.

The alien was excluded as trachomatous upon his arrival from Italy, and the only question is whether the Secretary failed to give the plaintiff a fair hearing upon its protest. It relies upon Lloyd Sabaudo Societa v. Elting (Fusco's Case) 287 U. S. 329, 337–339, 53 S. Ct. 167, 77 L. Ed. 341, where it was held that the Secretary's failure to submit to the local surgeons the certificate of a foreign physician declaring the result of his examination of the alien on embarkation invalidated the fine. The certificate here in question was obtained from the head surgeon of the ship on which the alien came and went; apparently it was written after his exclusion. It read as follows: "Clautt Basile—Embarked at Genoa—afflicted with cicatrix of trachoma—recognized as not contagious (namely completely cured). Ellis Island doctors offered to give treatment at his expense, after which he could be admitted in United States but Clautt refused. Company should not be penalized as the affliction was not contagious." We had before us in Compagnie Generale Transatlantique v. Elting (C. C. A.) 73 F.(2d) 321, a somewhat similar certificate, that is, one in which the foreign doctor had said that he had made "a strict medical examination" of the alien, when he embarked, and that it "disclosed no sign or symptom of trachoma or other eye disease" for which the alien was excluded. To be sure the Secretary did in that case also procure from the local surgeons a second certificate backed by clinical data, and on this we relied in part; but we also said that a certificate which stated no grounds for the diagnosis need not be submitted even though it specifically mentioned disease on account of which the alien had been excluded. The question here is whether this certificate supplies enough details all of which were lacking there. On the whole we think it does. It is in substance a statement that the surgeon had examined the alien's eyes and discovered the scar of a past trachoma, which

was evidence that the disease was definitely cured. No doubt it will always be a matter of degree, and the line, when we draw it, will be apt to seem arbitrary; but here some clinical reasons were given and if we are not to say that such a certificate must be submitted it is hard to see what will be left of Fusco's Case, supra, 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341. The judgment will be reversed.

## Thirteenth and Fifteenth Causes of Action.

In this case the alien was tuberculous and the Board excluded him for this reason. To his visa an Italian doctor had attached a certificate, but in it he only said that the alien was of "sound and robust constitution and free of mental and contagious disease." This falls within our decision in Compagnie Gen. Trans. v. Elting, supra (C. C. A.) 73 F.(2d) 321, and the Secretary need not have submitted it to the surgeons. The same is true of the fifteenth cause of action. The judgment will be affirmed as to both.

## Fourteenth Cause of Action.

This also was a tuberculous case, but the alien had been domiciled here for over seven years and was therefore entitled to the exercise of the Secretary's discretion under the seventh proviso of section 3 of the Immigration Act of 1917 (8 USCA § 136 (p). He never got it. The Board of Review on the exclusion declared as follows: "On account of the medical certificate against this alien he is mandatorily excluded and his exclusion at the port was proper." It is apparent that the Board disregarded the established domicile, supposing that the certificate was conclusive. In accordance with our ruling in Navigazione Gen. Italiana v. Elting (C. C. A.) 66 F.(2d) 537, 542, (twenty-ninth cause of action then before the court), this fine should not have been imposed. Judgment will be reversed.

## Twenty-Third, Twenty-Fourth, Twenty-Sixth, and Twenty-Ninth Causes of Action.

These aliens were excluded because they had a "positive (Wasserman) reaction in the blood serum," which indicated an "abnormal systemic condition." This was held to be a physical defect which might affect their ability to earn a living under section 3 of the Immigration Act of 1917 (8 USCA § 136), and detectable. The plaintiff insists that

it is not such a defect at all; but we do not find it necessary to pass upon that question, for even so, it was wholly unreasonable to demand that a carrier subject every alien to a Wasserman test. The aliens may perhaps have betrayed some gross symptoms, but nothing of the sort is suggested in the record. So far as appears, all aliens were then subjected to the Wasserman test. Shortly thereafter (December 11, 1926), the Surgeon General himself instructed medical officers no longer to certify that the condition so disclosed could have been detected by competent medical examination at the port of embarkation. This was a reasonable order and should have been enforced from the outset. It is apparently true that one of the aliens in Lloyd Sabaudo Societa v. Elting (C. C. A.) 55 F.(2d) 1048, affirmed 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341, was excluded for this reason, that the carrier was fined and the fine sustained. The point also appears to have been made at that time in the plaintiff's brief, but the matter was not expressly considered, and in the multitude of points which arise at the same time in these actions we know too well that some points may pass unnoticed. We believe that this was one. The judgment in these causes of action will be reversed.

### Twenty-Seventh Cause of Action.

■ This was the case of an alien fifty-five years old troubled with varicose veins. How bad these were does not appear, but he was a laborer and the surgeons declared that his condition might be a serious handicap to his ability to earn a living. We can see no reason to say that the fine was unreasonably imposed. The judgment is affirmed.

### Twenty-Eighth Cause of Action.

■ This alien was pigeon-breasted. We should not have supposed that this would affect the ability of a boy of eighteen to earn a living, but we know nothing about his condition, how bad the deformity was, or how much it might interfere with his powers. We have only the certificate of the surgeons which we are in no position to overrule. The doctor was not called before the Board on the exclusion to amplify his certificate either in this case or the twenty-seventh cause of action, but at that time the regulations did not require it. We cannot say that the absence of such a regulation made the hearing unfair. The judgment is affirmed.

### Thirty-Second Cause of Action.

■ This alien was a laborer forty-seven years of age who had a hernia. The surgeons certified that this might at any time make it impossible or difficult for him to earn a living, and the finding was so clearly right that no discussion is necessary. The judgment is affirmed.

### Calendar No. 371.

### We come to the defendant's appeal.

### First Cause of Action.

■ This concerned a child who had ringworm, and the question is whether the medical certificate, which the carrier got after the child had been returned but before the fine was imposed, should have been submitted to the public health surgeons. It is again the question of Fusco's Case, supra, 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341. The certificate said only that the alien was "in the best of health and free from any contagious or communicable (sic) disease"; it fell within our gloss upon Fusco's Case. Compagnie Gen. Trans. v. Elting, supra (C. C. A.) 73 F.(2d) 321. It was too general to be of any service to the surgeons. The judgment will be reversed.

### Eighth Cause of Action.

■ This alien was feeble-minded and excluded for that reason. The plaintiff procured a certificate, executed after the alien had got back, from the physician who had originally examined him, a local Italian commissioner of health, which declared that the alien had been found to be in sane and robust physical condition, and had given no sign of mental weakness. From the apparent state of his health at that time the physician could observe no sign of psycho-mania and could not say from what his subsequent condition arose. This seems to us to fall within Compagnie Generale Trans. v. Elting, supra (C. C. A.) 73 F.(2d) 321, unlike the certificate in the ninth cause of action above. No grounds were given for the medical conclusions; they are stated quite barely. The judgment will be reversed.

### Eleventh Cause of Action.

■ This was the case of a trachomatous child, and the question is of a certificate of the local Italian physician. He said that he had examined her before she left and after she came back to her home town and that each time she "was found free from trachoma." This is exactly like Compagnie

Generale Transatlantique v. Elting, supra (C. C. A.) 73 F.(2d) 321, and the judgment will be reversed.

### Twenty-First and Thirtieth Causes of Action.

In each of these the alien was excluded because he had impaired valves of the heart. Again the question is of certificates of a local Italian physician, procured upon the alien's return, describing his examination of him at embarkation. Each certificate is precisely alike; it declares that the examination "did not disclose the symptoms of the heart disease, of which he was found afflicted upon his arrival in New York." For reasons just given these certificates need not have been submitted. The judgment will be reversed.

### Thirty-Fifth Cause of Action.

This alien was afflicted with fatty tumors under the skin all over his body, which much increased his weight. He had also a deformity of the feet, including his toes, which weakened them and made standing troublesome, or would make it so. He was a laborer, and the surgeon testified before the Board that it was only a matter of time before he must give up his work and do something easier. This condition was plainly detectable and the carrier took the risk of the alien's exclusion. The judgment will be reversed.

On the plaintiff's appeal the judgment as to causes of action 9, 14, 23, 24, 26, and 29 is reversed, and as to causes of action 13, 15, 27, 28, and 32, it is affirmed. On the defendant's appeal the judgment is reversed as to all six causes of action.