**NORTH GERMAN LLOYD v. ELTING, Collector of Customs.**

**No. 36.**

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

94

John M. Lyons, of New York City, for plaintiff-appellant.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Sp. Asst. to U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Two causes of action are involved. The first, which was the second cause of action at the trial below was brought to recover a fine of $1,000, and the refund of $123 passage money, imposed by the Secretary of Labor and paid by the plaintiff under protest for bringing an alien to this country on November 4, 1925, from Germany on the S. S. Stuttgart by the name of Johann Steinhartt, who was found upon examination here to be afflicted with chronic pulmonary tuberculosis which was active and which, in the opinion of the examining physicians, could have been detected by a competent medical examination at the foreign port of embarkation. Because he was suffering from this excludable disease the alien was excluded.

In the proceedings before the Secretary of Labor it appeared that the alien had been examined abroad shortly before embarkation by a doctor upon whose opinion the American Consul relied in issuing the immigration visa and who certified that he (the alien) "was thoroughly examined by me on the October 25th, in Bremen, and I found the passenger free of any maladies especially of Tuberculosis diseases." There was nothing in the certificate to indicate what specific tests the doctor had made or what facts he had found regarding the alien's physical condition except what is to be inferred from the general statement that the examination was thorough and that no disease was discovered.

The only ground for reversal urged now is the failure to submit the foreign doc-

tor's certificate to the medical authorities at Ellis Island. This failure is said to be contrary to the rule of Fusco's case as established by Lloyd Sabaudo Societa, etc., v. Elting, 287 U.S. 329, 53 S.Ct. 167, 77 L. Ed. 341, and to have made the Secretary's action arbitrary and unfair. This certificate, however, does not come within that rule for the reason that it is but the statement of a conclusion unsupported by any facts which could have influenced the examining doctors at Ellis Island. Consequently, there was nothing arbitrary or unfair in action taken without submitting it to them. Compagnie Generale Transatlantique v. Elting (C.C.A.) 73 F.(2d) 321; Compagnie Generale Transatlantique v. Elting (C.C.A.) 75 F.(2d) 944; Navigazione Generale Italiana v. Elting (C.C.A.) 77 F.(2d) 270, 273. Moreover, the official medical certificate showed that the type of tuberculosis from which the alien was suffering was chronic and active when he arrived at Ellis Island. That fact stands uncontradicted, and there is no evidence to indicate that the disease might have become chronic and active during the period of about two weeks between the examination abroad and that here. So there was more than the bare assertion of the examining doctors at Ellis Island to indicate that the disease could have been detected by a competent examination made before embarkation and decision turned upon the weight to be given the evidence. That is a matter as to which the Secretary's judgment is final. Lloyd Sabaudo Societa, etc., v. Elting, supra; San Souci v. Compagnie Francaise, etc. (C.C.A.) 71 F.(2d) 651, 653.

■ The second cause of action, which was the fourth cause below, is for the recovery of a fine of $1,000 imposed by the Secretary of Labor and paid by the defendant under protest, for bringing Mrs. Emma Decker to this country from Germany on the S. S. Columbus. Mrs. Decker did not have an immigration visa or an unexpired return permit. She had been born in this country, and, while still a resident of the United States, had been married in 1920 to an alien with whom she had continued to live here until she went abroad with him in 1927 on a temporary visit. Her husband had, since the marriage and in 1926, become a naturalized American citizen. When she went abroad Mrs. Decker had an affidavit of citizenship but no passport. As she had neither an immigration visa nor return permit when she came back, she was excluded by the Board of Special Inquiry but was admitted on appeal in the discretion of the Secretary of Labor under the provisions of section 3 of the Immigration Act of 1917 (8 U.S.C.A. § 136) as an alien returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years. In view of her admission, no refund of passage money was required.

■ Though it does, indeed, appear to be a hard case, there was no error in imposing the fine. When Mrs. Decker married an alien in 1920, she certainly lost her American citizenship (Act of March 2, 1907 (34 Stat. 1228, c. 2534, § 3), and as certainly did not regain it through the naturalization of her husband in 1926. 8 U.S.C.A. § 368. There is no evidence that she regained it in any other way. She was not, therefore, entitled to enter this country as an American citizen and could only enter lawfully in accordance with the provisions of the immigration laws relating to the entry of persons other than American citizens. There is nothing to indicate that her true status could not have been ascertained before embarkation through the exercise of reasonable diligence. The burden to show that it could not rested on the plaintiff. Elting v. North German Lloyd, 287 U.S. 324, 53 S.Ct. 164, 77 L.Ed. 337; Transatlantica Italiana v. Elting (C.C.A.) 75 F. (2d) 970; Navigazione Generale Italiana v. Elting (C.C.A.) 76 F.(2d) 885. Consequently it failed to prove any cause of action. The suggestion that the plaintiff was not subject to the fine because it brought her to an American port to enable her to apply for admission in the discretion of the Secretary of Labor is wholly irrelevant. Elting v. North German Lloyd, supra; International Mercantile Marine Co. v. Elting (C.C.A.) 74 F.(2d) 661.

Affirmed.