**NAVIGAZIONE GENERALE ITALIANA v. ELTING, Collector of Customs of Port of New York.**

No. 240.

Circuit Court of Appeals, Second Circuit.

March 8, 1937.

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager, Asst. U. S. Atty., of Rye, N. Y., of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann and Gaspare M. Cusumano, all of New York City (Delbert M. Tibbetts,

608

of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action to recover fines collected for unlawfully bringing four diseased aliens into the United States. The only question is whether the carrier could with reasonable diligence have discovered their disability on embarkation.

■ The first alien was a man twenty-nine years old, who upon his arrival on September 6, 1923, was found to be suffering from rheumatic fever. He was at once taken to a hospital, where he was treated for about two months; when he came back to Ellis Island, he was found to be suffering from a valvular disease of the heart, which would affect his ability to earn a living. He was excluded for that reason upon the certificate of two departmental surgeons, which also declared that his condition might have been detected by competent medical examination when he embarked. It does not appear that these officers were informed that he had been for two months in the hospital and was suffering from rheumatic fever when he landed; or whether, if they had been, they would still have thought that his condition could have been detected at embarkation. The records in the hospital did not show that the alien had been suffering from the disease when he was admitted, and this the carrier mentioned in its protest. It was essential to a fair hearing, if the Secretary was to rely upon the certificate as he did, that the surgeons should have been advised of these circumstances. This is a stronger case than Fusco's Case (Lloyd Sabaudo Societa v. Elting), 287 U.S. 329, 338-340, 53 S.Ct. 167, 171, 172, 77 L.Ed. 341.

■ The second alien, who had a hernia, came here holding a ticket to New York and a transit visa for Cuba; and the district court held that the carrier had not "brought" him to the United States, following our decision in Dollar S. S. Line v. Elting, 51 F.(2d) 1035. The Supreme Court has now overruled that case in Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 57 S.Ct. 356, 81 L. Ed. ——, and the fine was rightly imposed.

■ In the third and fourth cases the aliens were suffering from trachoma, and the only question is whether the certificate of the doctor who examined them before embarkation should have been submitted to the local surgeons, who certified that the disease might have been detected. The foreign certificates merely say that the aliens were not affected with trachoma or any other disease when examined, and were not therefore within the doctrine of Fusco's Case (Lloyd Sabaudo Societa v. Elting), supra, as we have interpreted it in Compagnie Generale Transatlantique v. Elting (C.C.A.) 73 F.(2d) 321; Navigazione Generale Italiana v. Elting (C.C. A.) 77 F.(2d) 270; and Cunard S. S. Co. v. Elting (C.C.A.) 87 F.(2d) 309. A question is raised in the third case as to whether the record really showed that the local surgeons had signed the certificate, but, although the minutes of the hearing are not altogether plain, the letter of the acting commissioner general of April fifteenth clears up any doubts.

Judgment affirmed as to the first alien and reversed as to the second, third and fourth.