## NAVIGAZIONE GENERALE ITALIANA v. ELTING.
### No. 285.

Circuit Court of Appeals, Second Circuit.

April 5, 1937.

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann and Gaspare M. Cusumano, all of New York City (Delbert M. Tibbetts, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

On each of the five causes of action here considered, recovery has been had for a fine imposed by the Secretary of Labor, pursuant to section 6 of the Quota Act of 1921 (42 Stat. 5), as added by Act May 11, 1922, § 3, 42 Stat. 540. Each fine was imposed upon the appellee, a carrier of passengers from a foreign country, for bringing in an alien excludable under the quota.

### Twelfth Cause of Action.

The alien concerned in this cause of action arrived at the Port of New York July 10, 1923, in excess of the monthly quota allowed to Greece, which was exhausted July 5, 1923. He embarked on appellee's vessel June 26, 1923, a few days before the start of the fiscal year and the opening of the new yearly quota of 3065, which was restricted to 613 for the month of July. The alien had never been to the United States and the visa on his passport bore the information that he was born in Greece. He was ordered excluded by the Board of Special Inquiry. His appeal to the Secretary of Labor resulted in a confirmation of the order of exclusion. The protest of the appellee against the imposed fine was based on the claim that there was no indication at the time of the sailing of its vessel that the quota for July would be exceeded upon the vessel's scheduled arrival in New York. No evidence was submitted by the appellee of any investigation to ascertain the number of aliens who had sailed or were about to sail applying for admission under the quota. The vessel took 15 days for the voyage and normally the quota would be exhausted within a few days after the first of the month. No claim is advanced that the appellee could not have ascertained the number of aliens en route to this country or who had already been issued visas. The Secretary held that the aliens whose admission would exhaust the monthly quota were either en route to this country or awaiting entry at the borders at the time the appellee's vessel sailed with this alien aboard. He found that the appellee failed to show that this fact could not have been ascertained prior to the alien's embarkation.

### Thirteenth Cause of Action.

This alien arrived at the Port of New York May 20, 1924, in excess of the annual quota allotted to Italy which was exhausted December 6, 1923. The visa on his passport read: "Exception to quota, returning to domicile in U. S." He was returning after an absence of two years and nine months. Although he had lived in the United States from 1912 until his departure August, 1921, he had never declared his intention to become a citizen. He testified before the Board of Special Inquiry that he was returning to resume employment with an uncle with whom he was in partnership in a butcher shop and that he had been a member of the firm for a year prior to his departure for Italy, but had no money in-

vested in the business. He said he expected to remain abroad only six months but his wife, who had accompanied him, was sick and his father had become paralyzed. He worked as a butcher in Italy. The alien's uncle testified that the alien had invested a thousand dollars in the butcher shop and that he had been employed for three years before he became a partner.

After exclusion, he appealed to the Secretary of Labor who affirmed the order holding that because of his long absence he was not entitled to enter as one returning from a temporary visit abroad. A fine was imposed upon the appellee who was not shown to have made a proper investigation.

### Fifteenth Cause of Action.

The alien involved in this cause of action arrived at the Port of New York April 10, 1924, in excess of the annual quota allotted to Italy which was filled December 6, 1923. Unmarried, her parents resided in Italy, and she was returning after an absence of a year and a half. She claimed to have resided in the United States at least from December, 1915, until she departed in November, 1922. Testifying before the Board of Special Inquiry, she claimed she was going to remain permanently to take up a restaurant business as a partner with her deceased sister's husband. The visa on her passport noted: "Born in Italy; exception to quota; return to domicile in U. S."

The alien had not declared her intention to become a citizen during her residence here. Although claiming her business was worth $10,000, she had received no profits while in Italy. She said she had a joint account with her brother-in-law. This was contradicted by her alleged brother-in-law, who testified that she had left the United States because she was not well and because her father had sent for her. On being recalled, the alien testified that her alleged brother-in-law did not in fact bear this relationship; that she had written to him and asked him to represent himself as her brother-in-law believing it would expedite her landing.

In asking for a return of the fine, the appellee contended that it had relied on the notation on the visa; that the alien must have made similar fraudulent misrepresentations to the American Consul and its embarking agent as to her prior residence and business interest here, but appellee established no examination or investigation whatsoever as to the alien's admissibility prior to embarkation. A fine was imposed.

### Nineteenth Cause of Action.

This alien was a one year old child who arrived with its mother March 22, 1924, at the Port of New York. The annual quota allotted to Italy was exhausted December 6, 1923. The mother was certified upon arrival as suffering from trachoma, a contagious disease which the examining public health surgeon said might have been detected by a competent medical examination at the foreign port of embarkation. The mother testified she was born in the United States but since she was two years old had lived in Italy with her parents; that she was coming to join her husband, a native of Italy who lived here. Her passport bore the notation, "claims born in U. S. A." Before the Board of Special Inquiry, she testified she had been married in Italy 22 months before her arrival but could not remember the year; that her husband had been here 10 months; that he came here about 18 months after they were married. Her husband testified that he had been in the United States ten months and had not declared his intention to become a citizen. The child's mother was excluded because of her disease and the infant as likely to become a public charge and as coming in excess of the quota allotted to Italy. On appeal to the Secretary of Labor, the exclusion was affirmed. The fine imposed for the alien child is the one here in issue. The appellee argued that the Board failed to find that the alien child was in excess of the quota, but ruled merely that it was excluded as likely to become a public charge and that the Act of 1922 does not impose a penalty for transporting aliens who are excluded for this cause. But the Secretary of Labor held that the mother had been married, as claimed, to one not a citizen of this country, and that she therefore became an alien even if prior to such marriage she had a claim to American citizenship and that the contention as to the error in the cause of exclusion of the child was ill-founded for he was excluded as one coming in excess of the quota who was not within any exempted class, and that there was no adequate evidence presented to show that the inadmissibility of the alien could not have been ascertained prior to his embarkation by the exercise of reasonable diligence. A fine was accordingly imposed.

### Twenty-Seventh Cause of Action.

The alien was a married woman arriving at the Port of New York June 26, 1924, in excess of the quota to Italy, exhausted December 6, 1923. Her passport bore the notation: "Born in Italy, exception to quota, returning to domicile in U. S." She claimed to be coming here to join her husband with the intention to remain permanently. She brought with her an infant son, leaving three children in Italy. She had been in the United States for seven months, between August, 1920, and March 17, 1921, on which latter date she departed with her husband and three children. She had been absent three years and three months. She claimed to have been in ill health when she left and that her husband had returned here after one year. Her father testified that she had lived here three years and that he did not know where her husband was and he wanted to take the alien with him. A sister testified that the alien's husband had sent for her but while en route he had gone off with another woman.

Both the alien and her child were excluded as coming in excess of the quota and as persons likely to become public charges. The Secretary of Labor in affirming the orders of exclusion held that the alien had lived in the United States for seven months only and had been absent for three years and that she was not coming to join her husband and could not be regarded as a resident returning from a temporary absence abroad.

The appellee's protest against the imposition of this fine is based on the claim that the alien was returning to an unrelinquished domicile in the United States and that facts to the contrary could not have been ascertained at the time of embarkation. The Secretary of Labor ordered the fine imposed and found that the appellee had not diligently inquired and ascertained the facts.

A fine, pursuant to section 6 of the Quota Act of 1921, as amended, may be imposed by the Secretary if an alien is brought to this country after the monthly or annual quota allotted to his native country has been exhausted. Elting v. North German Lloyd, 287 U.S. 324, 53 S.Ct. 164, 77 L.Ed. 337. In each of the cases involved, the aliens were brought here from a foreign country by the appellee after such quotas were exhausted and the sole question is whether the Secretary of Labor should have remitted the fines under the provisions of section 6, which read: "Such fines shall not be remitted or refunded unless it appears to the satisfaction of the Secretary of Labor that such inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, such person [the carrier] * * * prior to the departure of the vessel from the last seaport in a foreign country."

A regulation of the Secretary of Labor has defined a temporary visit abroad as "an absence in any foreign country without relinquishment of domicile for a period not exceeding six months." By the regulation if an alien remains abroad more than six months, a domicile acquired in the United States is presumed abandoned. Rule 3, subd 2(a), of the Reg. under the Quota Act of 1921. The burden is on the alien by this regulation to overcome such presumption of loss of domicile by producing evidence which will satisfy the immigration officials to the contrary. Transatlantica Italiana v. Elting, 66 F.(2d) 542 (C.C.A.2), certiorari denied 290 U.S. 691, 54 S.Ct. 126, 78 L.Ed. 595. It becomes necessary, therefore, to inquire whether the Secretary acted arbitrarily in refusing to remit the fines.

It was known that the aliens involved in the thirteenth, fifteenth, and twenty-seventh causes of action could not be admitted as quota immigrants and their admission was sought as returning from temporary visits abroad and therefore exempt within section 2(d) of the Quota Act of 1921 (42 Stat. 5, 6). In no case were they able to satisfy the Secretary of such fact. In each instance it is apparent that the appellee relied on the notation on the alien's visa to the effect that they were returning residents. But it is not protected by such reliance. Elting v. North German Lloyd, supra; Lloyd Sabaudo Societa Anonima Per Azioni v. Elting, 287 U.S. 329, 53 S.Ct. 167, 77 L.Ed. 341; Transatlantica Italiana v. Elting, 75 F.(2d) 970 (C.C.A.2). Because of the lack of adequate investigation to ascertain whether the aliens were admissible the nonremittance of the fines was justified.

In the twelfth cause of action, the alien had never been previously admitted to the United States and arrived on July 10, 1923, in excess of the quota allotted to his native country. In support of its contention that it did not know what the circumstances

would be at the time of the arrival of its vessel, the appellee failed to submit evidence that it had made any investigation to ascertain the number of Greek aliens who had sailed prior to or who were about to sail at the time of the departure of its own vessel. It had officers and agents in various foreign cities who could readily have made inquiries. There is a finding that the Secretary of Labor was satisfied that by the exercise of reasonable diligence the inadmissibility of the alien could have been known. The appellee has not sustained its burden.

The infant involved in the nineteenth cause of action was an excess quota alien. The failure of the appellee to satisfy the Secretary that it had exercised reasonable diligence in ascertaining the admissibility of this alien justified the fine. And we cannot say that in this instance or in the others, the Secretary was arbitrary in its findings and, therefore, in not remitting the fines.

Judgment reversed.