## CONSULICH SOCIETA TRIÈSTINA DI NAVIGAZIONE v. ELTING, Collector of Customs.

### No. 106.

Circuit Court of Appeals, Second Circuit.

Jan. 10, 1938.

Charles J. Nager, of New York City, for defendant-appellant.

Mark E. Cymrot, of New York City, for plaintiff-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

### PER CURIAM.

The judgment on appeal was entered in an action to recover a fine of $1,000 imposed upon the plaintiff for bringing in an alien, aged 82, suffering from gonorrhœa. Upon discovery of his condition he was sent to a hospital, where he was eventually cured and then admitted. Upon his examination he swore that the line's physicians at the port of embarkation, Palermo, had examined him, and that "They didn't find anything with me" (sic); that he had been a widower for seven years, during which he had been continuously continent; and that he did not know how long he had had the disease—it "must be the effect of the hardships of the voyage." The surgeons at Ellis Island signed the usual certificate that the presence of the disease could have been detected at the port of embarkation, but the physician at that port swore in an affidavit that he had examined the alien at the time of embarkation, and had "not found him affected with gonococeus infection of the urethra, and I believe that this infection may have developed during the trip"; i. e., between August 12th and August 26th. On this evidence the Secretary fined the line $1,000, which it paid, and which it has now recovered by the judgment on appeal. Two questions arise: Whether the affidavit of the Italian physician should have been submitted to the local surgeon under Lloyd Sabaudo, etc., v. Elting, Fusco's Case, 287 U.S. 329, 338–340, 53 S.Ct. 167, 171, 172, 77 L.Ed. 341; and whether there was any evidence to support the conclusion that the disease could have been detected by reasonable care at Palermo.

As to the first, we have several times decided that such a certificate need not be submitted to the local surgeons. Compagnie Generale Transatlantique v. Elting, 2 Cir., 73 F.2d 321; Navigazione Generale Italiana v. Elting, 2 Cir., 77 F.2d 270; Cunard S. S. Co. v. Elting, 2 Cir., 87 F.2d 309; Navigazione Generale Italiana v. Elting, 2 Cir., 88 F.2d 607. The second question is not so clear. In Navigazione Generale Italiana v. United States, 2 Cir., 88 F.2d 608, the alien was suffering from gonorrhœa as here, and the local surgeons had given a similar certificate. The alien swore than he had had no external evidence of the disease upon embarkation, but he had told the local surgeons otherwise when they examined him. Because of this contradiction we held with the defendant on the question of fact. Here the alien did not directly say that he had had no visible symptoms at Palermo; and the failure of the physicians at that port to discover the disease may have been due to their own carelessness; indeed, we do not know whether their examination was directed to the possibility of its presence. The alien's ingenuous suggestion that it may have resulted from the hardships of

the voyage is not a denial of the existence of external symptoms at Palermo; it is possible that the discharge which ordinarily declares it then existed, and that he did not observe it. Moreover, all that aside, the possibility that a man 82 years old should have contracted such a disease on shipboard, or so short a time before that it should have first manifested itself after he took ship, is extremely improbable. If he had flatly declared that there were no signs of it, and had confessed to any recent exposure we might think otherwise, but he did not; on the contrary, his assertion that he had been continent for seven years reduced the chance of a recent infection to an extremely remote possibility.

Judgment reversed: complaint dismissed.